Dorn, Appellant, *v.* Leibowitz, Appellant.

Argued November 19, 1956.   Before STERN, C. J.,
JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Louis Samuel Fine,* with him *Richter, Lord & Levy,*
for plaintiff.

*J. Webster Jones,* for defendants.

Opinion by Mr. Justice Musmanno, December 29, 1956:

Janie Dorn, the plaintiff in this case, was struck by a truck belonging to Arthur M. Leibowitz and Calman D. Leibowitz, partners trading as Calman Beverage Company, when, after leaving the curb, she had committed herself to the regular crossing at the corner of 13th Street and Columbia Avenue in Philadelphia, and had taken 5 steps toward her destination on the other side of 13th Street. In the lawsuit which followed, the Trial Judge left to the jury only the question of damages, instructing them that under the facts they were compelled to return a verdict for the plaintiff. Later, the Judge acknowledged his error in giving binding instructions for the plaintiff and ordered a new trial. Both parties appealed, the defendant partnership contending that it was entitled to judgment on the entire record and the plaintiff objecting to the granting of a new trial.

In support of its motion for judgment on the record, the defendant partnership maintains that the plaintiff did not prove any negligence, citing the well recognized rule that the mere happening of an accident does not entitle the injured person to a verdict. It is true that before there can be a verdict in a trespass action there must be proof that the defendant transgressed some duty of care required under the circumstances.

When the plaintiff arrived at the northwest corner of Columbia Avenue and 13th Street, having walked eastwardly on the sidewalk of Columbia Avenue, she stopped to appraise traffic conditions. A red light warned her not to cross so she waited until the light changed to green, whereupon she looked to her right and to her left, when, being assured no vehicles were coming toward her from either direction, she stepped

down from the curb and headed toward the other side of the crossing, following the lines of the pedestrian crosswalk. Five steps from the curb she was hit by a truck, later ascertained to be the defendant's truck. It is not known whether the telltale truck came up 13th Street or whether it emerged from the east side of Columbia Avenue and turned north on 13th Street.

Defendant's counsel argues in his brief that a mystery envelopes the manner in which the accident happened: "The speed, direction, turning, if any, are all not touched upon in relation to the accident. There is a wall or curtain created by the plaintiff's statements that she first saw the truck 'just before it hit me.' 'It hit me so quickly I don't know which way it came' which precludes any possibility that the jury could find the manner in which the truck was operated prior to the collision, and to infer negligence from that manner of its operation."

This is not a case of a lifeless form found lying on the street with no clue as to the instrumentality or the procedure which extinguished the lamp of existence. This is the case of a living person who testified to being hit by a truck—not a "mystery" truck, but a truck palpable to sight and touch. In fact, the defendant does not deny that its truck hit the plaintiff. The fateful vehicle could have gotten to the Columbia Avenue crosswalk only by one of two ways: it either came up 13th Street and passed over Columbia Avenue, ignoring the red light against it, or it made the turn from Columbia Avenue into 13th Street, in which event it violated the rule which gives priority to a pedestrian already crossing the street with a light in his or her favor.*

---

* *Lane v. Samuels et al.*, 350 Pa. 446; *Jacobson v. Palma*, 115 Pa. Superior Ct. 401.

The right to use a highway confers the right to continue one's journey across a break in the highway made by an intersecting street. When a pedestrian traverses the break in accordance with traffic signals, he has the right to expect that automobiles will not dispute the passage with him.

A motorist who turns right angularly from one street into another commits an act of negligence when he touches the person of a pedestrian crossing the street at the bidding of a traffic signal.

While a jury may not speculate on how an accident happened, it is justified in fixing negligence against a motorist who is proved to have taken one of two courses, either one of which was blameworthy. A prowler who is caught at night in a house not his own cannot expect to be liberated on the plea that the prosecution did not prove how he got into the house. His culpability lies in the fact that he is where he has no legal right to be whatsoever. The defendant's truck had no right at all to be at the specific point of the crosswalk, which was being occupied at that moment in daylight and in full view of the truck driver, by a pedestrian lawfully and properly there.

The fact that the plaintiff cannot tell whether the truck came up 13th Street or turned from Columbia into 13th Street does not make the truck a phantom or its journey spectral. Its iron, steel and hard-rubbered presence at the locale of the accident was not controverted. Where physical facts are incontrovertibly established by uncontradicted witnesses, the law does not accept refutation based on alternatives, either one of which spells liability.

The defendant contends further that it is entitled to judgment on the asserted ground that the plaintiff was guilty of contributory negligence. We have seen

that the plaintiff stopped when she reached 13th Street, that she waited for a green light, that she looked both ways to be assured of freedom from vehicular injury, and then started across the intersection. The defendant argues that this was not enough: that the plaintiff should have continued looking all the time as she crossed the street. Since one's eyes are fixed in the front of his head, he can only look sideways by turning his head in that direction, and when he does this, the terrain before his advancing feet becomes hidden and unknown. The glance that one catches from the corner of his eye does not sweep an arc deep enough to cover the world at one's side. Thus, unless a pedestrian keeps turning his head like an acrobat clinging to the end of a spinning rope, there are points of the compass it is simultaneously impossible for him to see as he crosses a street. It is because of these quite obvious human phenomena and the drastic need to regulate traffic at crossings that the signal light system has been installed practically everywhere. The plaintiff here did not breach any law which would automatically declare her guilty of contributory negligence. Whatever question would arise from her manner of crossing the street was strictly one for a jury to determine. The rule applicable in this fact-situation was stated by our Court in *Rosenthal v. Philadelphia Phonograph Co.*, 274 Pa. 236: "Nor could the court have given binding instructions because of contributory negligence of plaintiff, who was injured while upon the crossing provided for pedestrians, and had advanced three steps. Before leaving the curb, according to his testimony, he looked on all sides, and saw no car approaching; whether correct in his statement was for the jury, under the facts disclosed . . . here plaintiff had committed himself to the crossing, and had the right to believe pass-

ing vehicles would have due regard for the safety of those moving forward. Under these facts, the court could not declare, as a matter of law, no recovery could be had."

We have already stated that the plaintiff appealed from the decision of the lower Court awarding a new trial, and it will be remembered that the lower Court acknowledged its error in giving binding instructions for the plaintiff. The plaintiff maintains on this appeal that the Trial Judge did not err when he directed the jury to find for the plaintiff. We do not believe it necessary to go into any lengthy discussion on this phase of the case. From time immemorial, it has been the province of the jury in trespass cases, where oral testimony is concerned, to pass upon the credibility of witnesses, even though uncontradicted by defendant witnesses or even though the defendant introduces no testimony at all. In this case, the defendant called only one witness, a police officer, whose testimony, it would seem, did not in any substantial measure contradict the account of the accident as related by the plaintiff. From this, the plaintiff says that since there was no conflict between plaintiff and defendant as to how the accident happened, the Judge was justified in ordering binding instructions for the plaintiff. Plaintiff's counsel argues there is precedent for his position. There is none. The cases cited in his brief have to do with contract actions. Only a legislative act could effectuate the drastic change in procedure the plaintiff envisions.

The order of the Court below is affirmed with a procedendo.