Kopar *v.* Mamone (et al., Appellant).

Argued October 8, 1965. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David J. Armstrong,* with him *Dickie, McCamey & Chilcote,* for appellants.

*James J. Flaherty,* with him *Wirtzman, Sikov and Love,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, January 4, 1966:

On October 23, 1958, Lillian M. Kopar sustained personal injuries while a passenger in a cab owned by Yellow Cab Company of Pittsburgh and being operated by its employee, Lewis J. Wickman. The cab came into collision with an automobile owned by Gilbert R. Mamone and operated by William Mamone.* Mrs. Kopar and her husband filed an action of trespass against Gilbert Mamone, individually and as Administrator of the Estate of William Mamone, and against Yellow Cab, to recover damages sustained by them. Gilbert Mamone sought recovery of damages to his automobile in an action against Yellow Cab Company and Wickman. A voluntary nonsuit was granted in favor of Gilbert R. Mamone, individually, as defendant, as it was clear that no agency existed.

The consolidated actions then proceeded to trial and at the close of all the evidence, final arguments and rulings on motions, the trial judge charged the jury as follows: "Now, in the case of Lillian M. Kopar and her husband, William Kopar, v. Gilbert R. Mamone, Administrator of the Estate of William Mamone, deceased, and Yellow Cab Company of Pittsburgh—there are two defendants in that case—you will return a verdict in that case in favor of the two plaintiffs against Yellow Cab Company of Pittsburgh alone. You will

---

* William Mamone died subsequent to the accident, from unrelated causes.

find a verdict in favor of the defendant Gilbert R. Mamone, Administrator of the Estate of William Mamone, deceased, and then you will find a verdict in favor of the plaintiffs, Lillian M. Kopar and William Kopar v. Yellow Cab Company of Pittsburgh in an amount that you will determine.

"These will be the verdicts because I must rule as a matter of law that there is no negligence shown against the driver of the other car, William Mamone, and, therefore, I cannot submit that to you. Those will be the two verdicts. I will cover it again just before you go out so that we have it clear in our minds."

Thus, the lower court directed a verdict in favor of the plaintiffs in this action and the jury fixed the amounts of the damages. The defendants then filed a motion for new trial, which was refused, and judgments entered on the verdicts. These appeals followed.

Among the issues raised by the appellants is the question of the propriety of directing a verdict against the defendant in a trespass action for negligence which is founded upon oral testimony. The law on this point is clear; a trial judge may not direct a verdict against a defendant in a trespass case where the determination of negligence was founded upon oral testimony. In *Dorn v. Leibowitz*, 387 Pa. 335, p. 340, 127 A. 2d 734 (1956), we said: "From time immemorial, it has been the province of the jury in trespass cases, where oral testimony is concerned, to pass upon the credibility of witnesses, even though uncontradicted by defendant witnesses or even though the defendant introduces no testimony at all. In this case, the defendant called only one witness, a police officer, whose testimony, it would seem, did not in any substantial measure contradict the account of the accident as related by the plaintiff. From this, the plaintiff says that since there was no conflict between plaintiff and defendant as to how the accident happened, the Judge was justified in

ordering binding instructions for the plaintiff. Plaintiff's counsel argues there is precedent for his position. There is none. The cases cited in his brief have to do with contract actions."

The proposition that a trial court may not direct a verdict for the plaintiff in a negligence case when the negligence was founded upon oral testimony was reaffirmed in *Williams v. H. E. Stoudt & Son, Inc.*, 404 Pa. 377, 172 A. 2d 278 (1961).

Trial courts have wide latitude when charging the jury. However, the charge may not exceed established standards. The question of the defendant's negligence based upon oral testimony must be determined by the jury. Should the jury return a verdict inconsistent with the evidence, the trial judge can and should grant a new trial. The trial judge, however, may not substitute himself for the jury and determine the defendant's negligence when it is based upon oral testimony, as in this case.

Since the matter must be returned to the court below for a new trial, we must discuss appellants' other assignments of error, lest we be again faced with them after the retrial. In addition to complaining of the direction of a verdict for plaintiffs, appellants contend that the trial court erred: (1) in giving binding instructions in favor of Mamone; (2) in not ruling finally on points for binding instructions before closing arguments; (3) in rejecting certain testimony tending to establish the inability of one of plaintiffs' witnesses to estimate the speed of the cab; and (4) in permitting plaintiffs' counsel to read from depositions during his closing argument.

In addition, appellants argue that the verdict for wife plaintiff is excessive. In view of the fact that we must order a new trial, it becomes fruitless for us to pass on this final argument. If and when a new verdict is pronounced, that question may again arise; however,

since we have no way of knowing what a new verdict might be, we will not now speculate on what amount is sustainable. The other questions, however, require comment.

Initially, we cannot accept the conclusion of the court below that there was "no evidence" to sustain a finding of negligence on the part of Mamone. Where there is any evidence of a disputed fact, the matter is for the jury and its function may not be usurped by the court. *Heffernan v. Rosser*, 419 Pa. 550, 215 A. 2d 655 (1966) and cases cited therein. This record contains evidence, both oral and physical, from which a jury *could* impose negligence on Mamone,* and the removal of this question from the jury's consideration was improper.

The next question concerns the failure of the trial court to rule on points for binding instruction before final arguments. Trial courts, of course, have wide latitude, not only in charging juries, but also in the conduct of trials. We cannot expect trial judges, in all cases, to have at their finger tips the answers to all points for charge submitted to them. Often, some research or protracted reflection will be required before a ruling can be made. In such instances, a trial judge may well direct arguments to proceed, rather than delay the proceedings pending determination of the problems presented by the requests for instructions. Ideally, where a requested point appears to be highly material to the argument of counsel, it should be ruled upon prior to commencement of the argument. We cannot, however, hold that failure so to rule constitutes reversible error.

The complained of failure of the trial court to allow certain testimony arose from the attempt of coun-

---

* There was evidence of excessive speed for the conditions and the post collision movement of the Mamone vehicle lends some credence to such an inference.

sel for Yellow Cab to get into evidence a portion of an answer given by the witness in question in a pretrial deposition. The witness' deposition was read to the jury, she not being present at trial. The witness, Mrs. Micelli, was a passenger in the Mamone vehicle at the time of the collision. On direct examination, she was asked to estimate the speed of the cab. She replied "Well, I really could not estimate it, but I know it was speeding." This answer and the question which elicited it were ruled out by the trial judge and not read to the jury with the rest of the deposition.

Yellow argues that the portion of the answer "Well, I really could not estimate it . . ." should have been allowed, inasmuch as she subsequently testified that the Mamone car was travelling at 25 to 30 miles per hour and the cab was going faster than that. We agree with the court below that there is a difference between an inability to estimate speed in miles per hour and the relative speeds of two vehicles.

Finally, we find no error in permitting the reading of parts of depositions in final argument. The depositions had been read to the jury and were part of the evidence. It is within the discretion of the trial court to permit counsel in his argument to read matters to the jury from a transcript of the notes of testimony or from depositions which have been read into evidence. 88 C.J.S. Trial Sec. 175. Of course, such reading tends to emphasize certain portions of the evidence. This, however, is the function of counsel in argument; to emphasize those portions of the evidence favorable to his contentions. Such tactics, when controlled by the trial court, are permissible.

Judgments reversed with a venire facias de novo.