## Canavin *v.* Wilmington Transportation Company, Appellant.

Argued September 12, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*David F. Kaliner,* with him *Edward B. Joseph,* for appellant.

*Thomas F. Gilson,* with him *Halbert, Kanter, Hirschhorn, Gilson & Corrigan,* for appellee.

OPINION BY WRIGHT, J., November 17, 1966:

On June 12, 1962, Clifford N. Canavin was struck and injured by an airport limousine of the Wilmington Transportation Company. He instituted an action in trespass which was tried nonjury and resulted in a verdict for the plaintiff in the sum of $6,600.00. Exceptions filed by the defendant were dismissed, and judgment was entered on the verdict. The defendant

has appealed. The factual situation appears in the following excerpt from the opinion below:

"Plaintiff was employed by National Car Rental Service, operating out of Philadelphia International Airport. On Tuesday, June 12, 1962, at about 4 p.m., plaintiff was struck by an airport limousine owned by defendant causing serious injuries. He was struck just as he was stepping on to the sidewalk, at the entrance to the limousine parking area of the airport. Plaintiff was taken to the hospital for emergency treatment, and thereafter he required continuous treatment for serious injuries to his back.

"It was later determined that the limousine had been left in the area with the keys in the ignition, and that a young boy from the Devereux School, in attempting to steal the vehicle, ran down the plaintiff. The limousine area at the time of this accident, was an open lot adjacent to the northern part of the airport terminal, and several hundred feet from the main entrance to the terminal building. This area was bounded by the building on one side and by sidewalks on the other sides. No fences or other devices were provided to keep persons out of the area. There was evidence that airport police were in the area frequently, but security officers were not stationed in the area constantly.

"The evidence disclosed that on several occasions in the past, vehicles had been stolen from the airport public parking lot a short distance from the rental area. That rental services such as Avis, Hertz and National Car Rental had all had vehicles stolen in the period before this occurrence. There was also evidence that youngsters had on numerous occasions vandalized the vehicles in the several parking lots and the limousine area, stealing hub caps and other accessories. There were numerous thefts from the area where the accident occurred, and occasional auto thefts. Young

persons and juveniles were a usual problem in and about the airport, and they would break into the cars and steal accessories.

"The defense introduced evidence that, because of the small size of this area, it was the usual practice to leave keys in the ignition to move the cars about. Also, that there were no auto thefts from this area, but only from the parking lots, the closest of which was 700 to 800 feet away".

A majority of the court is of the opinion that this appeal is controlled by the recent decision of our Supreme Court in *Liney v. Chestnut Motors, Inc.*, 421 Pa. 26, 218 A. 2d 336. In that case the automobile of a customer had been delivered to the defendant's garage for repairs. This automobile was permitted to remain outside the garage building, double parked in the street and with the key in the ignition. Some three hours later it was stolen by an adult stranger and driven so carelessly as to strike and injure a pedestrian. An order of the trial court sustaining preliminary objections to the pedestrian's complaint in trespass was affirmed on the ground that it failed to state a cause of action. Mr. Justice EAGEN made the following pertinent statement (citations omitted) :

"Assuming that defendant's employees were negligent in permitting the automobile to remain outside in the street under the circumstances described, it is clear that the defendant could not have anticipated and foreseen that this carelessness of its employees would result in the harm the plaintiff suffered. . . In other words, the defendant violated no duty owed to the plaintiff. This being so, the plaintiff was not harmed by the defendant's negligence. . . Assuming also that the defendant should have foreseen the likelihood of the theft of the automobile, nothing existed in the present case to put it on notice that the thief would be an incompetent or careless driver. Under the cir-

cumstances, the thief's careless operation of the automobile was a superseding cause of the injury suffered, and defendant's negligence, if such existed, only a remote cause thereof upon which no action would lie".

At the time of the order that judgment be entered in the case at bar, February 25, 1966, the court below did not have the benefit of the decision in the *Liney* case, the opinion in which was filed March 22, 1966. Appellant's petition for reargument was denied. The case of *Anderson v. Bushong Pontiac Co.*, 404 Pa. 382, 171 A. 2d 771, upon which the lower court placed reliance, was distinguished by Mr. Justice EAGEN in the *Liney* case. We find no evidence in the instant record to charge this appellant with notice, or cause it to foresee, that a fourteen year old boy would steal and undertake to operate the large airport limousine here involved.

Judgment reversed and here entered for the appellant.

————

DISSENTING OPINION BY ERVIN, P. J.:

On June 12, 1962, at about 5:00 p.m., plaintiff was struck by an airport limousine owned by defendant as he was stepping on the sidewalk at the entrance to the limousine parking area at the Philadelphia International Airport. The limousine had been left in the parking area with the keys in the ignition and a 14-year old boy from the Devereaux School, in attempting to steal the vehicle, ran down the plaintiff. The limousine area, at the time of this accident, was an open lot adjacent to the northern part of the airport terminal and several hundred feet from the main entrance to the terminal building. This area was bounded by the building on one side and by sidewalks on the other sides. No fences or other devices were provided to keep persons out of the area.

Evidence was presented to show that numerous automobiles had been stolen from the airport public parking lot a short distance from the rental area. The sergeant of police testified that 10, 15 or 20 automobiles a year were stolen from this area. The rental services, such as Avis, Hertz and National Car Rental, all had vehicles stolen in the period before this occurrence. There was also evidence that youngsters had on numerous occasions vandalized the vehicles in the several parking lots and the limousine area, stealing hub caps, and other accessories. The sergeant of police and one of his officers testified that juveniles had created a real problem for them in and about the airport and that the problem involved breaking into cars and stealing accessories, slashing tires, putting sugar in tanks and stealing anything which could be turned to a quick dollar.

This problem has been considered in two recent opinions by our Supreme Court. In the case of *Anderson v. Bushong Pontiac Co.*, 404 Pa. 382, 171 A. 2d 771 (1961), the court below had sustained preliminary objections to the complaint and entered judgment for the defendant. On appeal the Supreme Court reversed. The plaintiff pleaded that a 14-year old boy stole the keys from an automobile displayed for sale on defendant's used car lot; that this boy habitually played in and about the cars on the lot; that the defendant knew of the key theft but failed to remove the car from the lot or use any other precautions to prevent its operation; that two days later while the lot was unattended another 14-year old boy, using the stolen keys, started the car and drove it off the lot and while operating the car negligently, injured the plaintiff, a pedestrian.

In the case of *Liney v. Chestnut Motors, Inc.*, 421 Pa. 26, 218 A. 2d 336 (1966), the court below sustained preliminary objections to the complaint and dismissed the action. On appeal the action of the court below

was affirmed. The plaintiff pleaded that an automobile was delivered to defendant's garage for repairs and that the defendant allowed it to remain outside of the building, double parked in the street and with the key in the ignition; that the area had experienced a high and increasing number of automobile thefts, and that about three hours after the automobile was placed in the street it was stolen by an adult stranger, who then drove it around the block in such a careless manner that it mounted a sidewalk and struck the plaintiff, a pedestrian. In this case *Anderson v. Bushong Pontiac Co.*, supra, is distinguished as follows: "In Anderson, several salient facts were present which are absent here. Those facts clearly put the defendant in that case on notice, not only that the automobile was likely to be stolen, but also that it was likely to be stolen and operated by an incompetent driver." The Supreme Court did not overrule the prior case but it is quite apparent that it is restricting the ruling announced in *Anderson v. Bushong Pontiac Co.*, supra, to the exact factual situation presented by that case. The present case definitely falls within that restricted area.

The evidence in the present case disclosed that at the time of the accident John McCracken was a principal shareholder and manager of the defendant. He made admissions to the plaintiff and his counsel which showed knowledge of prior thefts in the area and also knowledge that children and other unauthorized people had been moving the cars in the parking area. Because of this knowledge and prior to the time of the present accident, he had given instructions to his drivers to remove the keys from the cars when parking them in this area. There was other evidence introduced sufficient to show that the defendant either knew or should have known, not only that cars were frequently being stolen from the parking areas but also that juveniles were involved in a number of these cases.

The present case was tried before the Hon. JOHN J. McDEVITT, 3RD, sitting without a jury, who, after viewing the evidence as a whole and reconciling the differences and contradictions therein, found that the defendant had sufficient knowledge of the presence or likely presence of children in the area, of thefts of cars by both children and adults, and pilferage and vandalism of automobiles in the area. He also found that leaving keys in the ignition of a vehicle under these circumstances created the foreseeable risk that some child might attempt to steal the vehicle and that the theft of defendant's vehicle by a 14-year old boy was not a superseding cause.

After a verdict for the plaintiff, the defendant filed exceptions, which were dismissed by the court in banc, and judgment was entered in favor of the plaintiff.

The question of the proximate cause of an accident is almost always one for the jury: *Anderson v. Bushong Pontiac Co.*, supra, at page 391. A trial judge's verdict, like a jury's, should be overruled only where his findings of fact are clearly erroneous or arbitrary or where the record discloses that the trial judge failed to comprehend or understand the evidence: *Williams v. H. E. Stoudt & Son, Inc.*, 404 Pa. 377, 172 A. 2d 278 (1961). There was ample evidence in the present case to justify the action of the court below and I would affirm the judgment entered.

WATKINS and HOFFMAN, JJ., join in this dissenting opinion.