## Dolan *v.* Philadelphia Transportation Company, Appellant.

Argued September 17, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, HOFFMAN, SPAULDING, and CERCONE, JJ. (JACOBS, J., absent).

*Edward Greer,* for appellant.

*John E. Walsh, Jr.,* for appellee.

OPINION PER CURIAM, December 10, 1970:
Judgment affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I believe that judgment should be entered for the defendant-appellant in this case for the reason that it has not been shown to have been negligent under the facts.

On March 14, 1968, Maurice J. White, employed as a trolley operator by Philadelphia Transportation Company, defendant-appellant, in this trespass action, stopped his trolley at the loop at 61st Street and Baltimore Avenue and left it unattended. The doors were left open and the power pole was not disconnected. There was no lock on the trolley's power switch, as is found on automobiles. The parties having agreed that in Mr. White's absence, an unknown male, approximately eighteen, stole the trolley and negligently operated it, causing personal injuries to the person and property of William N. Dolan, plaintiff-appellee, in the amount of $1,950, the only remaining question, which was decided in plaintiff's favor by Honorable Bernard J.

KELLEY, sitting without a jury, was whether the defendant was negligent.

Recovery has sometimes been allowed in these cases under the theory that a motor vehicle is an inherently dangerous instrumentality which can become an attractive nuisance to children playing on or about them. The General rule is that a motor vehicle is not in itself an attractive nuisance, whether it is standing still or moving. 7 Am. Jur. 2d, Automobiles and Highway Traffic, §433, 3 A.L.R. 2d 758, 762.

However, under certain circumstances a vehicle can become an attractive nuisance; and, in my opinion, the Pennsylvania cases cited by appellee are distinguishable from the facts in the present case for the reasons that the peculiar circumstances in the case created an attractive nuisance and, further, the defendant in these cases should have foreseen the possibility of injury resulting from his actions. In *Anderson v. Bushong Pontiac Company, Inc.*, 404 Pa. 382, 171 A. 2d 771 (1961), a used car lot operator was held liable for injuries caused by the negligent operation of an automobile by a fourteen-year old boy who stole the automobile from the defendant's lot. However, in this case, the Court held that the defendant should have foreseen that the car might be stolen by a young juvenile since the defendant knew that two days before the accident a fourteen-year old boy had stolen the keys to the automobile. In *Glass v. Freeman*, 430 Pa. 21, 240 A. 2d 825 (1968), a seven-year old son of the tractor operator working for defendant, set in motion a tractor momentarily left unattended by the operator, causing injuries to the plaintiff, and recovery was allowed. In the *Glass* case, the presence of the seven-year old boy was known by the operator of the tractor who failed to warn the plaintiff of the danger. In the present case, however, the trolley operator had shut off the power, set the brake and parked the trolley, the thief's presence was un-

known to him, and there was no opportunity to warn the plaintiff.

Therefore, finding no facts in this case upon which to base a finding of negligence by the defendant, I believe that recovery should not be allowed, in accordance with the general law in Pennsylvania. See *Liney v. Chestnut Motors, Inc.*, 421 Pa. 26, 218 A. 2d 336 (1966), and *Canavin v. Wilmington Transportation Company*, 208 Pa. Superior Ct. 506, 223 A. 2d 902 (1966). Accord, Restatement of Torts, 2d, §302B, Illustration 2: "A leaves his automobile unlocked, with the key in the ignition switch, while he steps into a drugstore to buy a pack of cigarettes. The time is noon, the neighborhood peaceable and respectable, and no suspicious persons are about. B, a thief, steals the car while A is in the drugstore, and in his haste to get away drives it in a negligent manner and injures C. A is not negligent toward C."

Therefore, I respectfully dissent.