## Stanford v. Casasanta, Executor

*Raymond G. Hasley,* of *Rose, Schmidt & Dixon, Daniel B. Winters,* of *Stein & Winters, Stuart A. Culbertson* and *Michael Halliday,* for plaintiff.

No appearance for defendant.

*George H. Rowley,* of *Voorhies, Dilley, Keck, Rowley & Wallace,* for added defendant.

ACKER, J., October 8, 1971.—This case was previously appealed to the Pennsylvania Supreme Court [1] but the appeal was quashed as being interlocutory. It is now before this court upon a motion for summary judgment pursuant to Pennsylvania Rule of Civil Procedure 1035.

A review of the history of this case is necessary for an understanding of the present issues. On June 26, 1967, this action was commenced by a praecipe of summons naming Anthony Ralph Casasanta as Executor of the Estate of John Casasanta, deceased. The writ was issued and served upon Anthony Ralph Casasanta on July 6, 1967. On December 15, 1967, plaintiff secured from this court a rule directing defendant, Anthony Ralph Casasanta, to show cause why the proceedings should not be amended to show the name of defendant as Sullivan Cicerone, Executor of the Estate of John Casasanta, deceased. The statute of limitations for personal injury actions had run by this effort.[2] From that date forward, plaintiff has

---

[1] 437 Pa. 429, 263 A. 2d 326 (1970).

[2] Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 PS §31.

been attempting by one procedural device or another to correct the error of suing the wrong executor. The matter was argued upon the rule and an opinion and order entered on April 23, 1968, discharging it and holding that the statute of limitations had, in fact, run and that the prayer of substitution of the actual executor, Sullivan Cicerone, for the mistaken executor, Anthony Ralph Casasanta, could not be granted.

With additional counsel on July 19, 1968, an ex parte petition requesting the vacation of the order of April 23, 1968, and a rehearing upon plaintiff's petition for a rule to show cause was granted. In that order it was provided that the court shall retain jurisdiction of the matter and that all proceedings would be stayed. In an apparent effort to bring the matter to culmination, Sullivan Cicerone by praecipe pursuant to Pa. R. C. P. 209 secured a rule upon plaintiff to proceed to take depositions and to bring the matter for argument. To this rule, plaintiff responded by a petition for a rule to strike the rule to proceed and a preliminary objection and answer to the petition all filed on September 9, 1968. In order to prevent a further flurry of petitions, rules and objections, this court on September 20, 1968, entered an order setting a date for hearing on October 30, 1968, staying all proceedings with the exception of the right of plaintiff to proceed against the initially named defendant, Anthony Ralph Casasanta, and directing that plaintiff prepare but not file the complaint. The reason for the latter was that at oral argument, for the first time, the court was informed that the action previously commenced by bare writ of summons in fact was not only a personal injury action but also for property damage to the motor vehicle.[3] This matter came for hearing

[3] The statute of limitations for such an action is, of course, six years pursuant to the Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 PS §31.

on October 30, 1968, with but one witness, Stuart A. Culbertson, an attorney from the City of Meadville, Crawford County, Pa., testifying. In addition, certain exhibits in the nature of letters and an application for proof of will and a complete record of probate of the John Casasanta Estate were received into evidence. Findings of fact were made and an opinion was written followed by an order of January 23, 1969. The court reconsidered the statute of limitations question and reaffirmed its previous position that the statute of limitations of two years had expired and that a personal injury action could not be asserted against Sullivan Cicerone, Executor of the Estate of John Casasanta, deceased. However, because of the asserting of a property damage claim, the court in its opinion, page 17, stated:

"The petitioner shall be granted a period of twenty days from the entry of this order for the purpose of adding to the action as presently filed Sullivan Cicerone as Executor of the Estate of John Casasanta party defendant by Pa. R. C. P. 1030. The statute of limitations is an affirmative defense and should be raised as new matter in the defendant's answer. If the plaintiff desires to file an action asserting a personal injury claim and if the defendant desires to set up the statute of limitations as new matter, it must be done so in subsequent pleadings. If the matter is properly brought before this Court under a motion for a judgment on the pleadings or summary judgment pursuant to Pa. R. C. P. 1034 or 1035 this Court will then review the matter in the light of this opinion."

By the order, plaintiff was then granted permission to file a complaint naming Sullivan Cicerone as Executor of the Estate of John Casasanta. Certiorari was issued by the Supreme Court of this State on February 19, 1969. On March 20, 1970, the Supreme

Court quashed the appeal as interlocutory, holding, page 432:

"Herein the order appealed from clearly did not terminate the litigation, but rather left the way open for Stanford to pursue his action against the proper party by filing a complaint within twenty days of the court's order."

The papers were returned from the Supreme Court to the prothonotary of this court on April 21, 1970. Plaintiff, however, did not file an amended complaint until May 25, 1970. In that amended complaint, both Anthony Ralph Casasanta and Sullivan Cicerone are named as defendants and a claim is asserted as a result of the accident of August 25, 1965, for both personal injuries and property damage. By new matter, Sullivan Cicerone asserts that because of the late filing of the amended complaint, plaintiff is guilty of laches; that the statute of limitations has expired as to the personal injury claim; and that the original writ of summons has never been served upon him nor was he served with any papers until June 1, 1970, which is more than two years from the issuance of the original process. To this a reply was filed, reiterating the testimony and positions asserted at the previous hearing on this matter.

Two additional affidavits were filed pursuant to the motions for summary judgment. One was by Thomas V. Mansell, an attorney of the City of New Castle, Lawrence County, Pa., and the counsel for Sullivan Cicerone, Executor of the Estate of John Casasanta, deceased. By this affidavit, he refers to his previous affidavit of June 29, 1970, and states that he may have received a telephone call from Michael Halliday (Mercer County counsel for plaintiff) concerning an alleged telephone call of June 20, 1967, but he does not specifically recall the identity of the caller. The

person calling, however, did not refer to Anthony Ralph Casasanta as the Executor of the Estate of John Casasanta and that he was unaware that anyone was under the impression that Anthony Ralph Casasanta was the executor of the estate until he learned that suit had been filed against the executor. He did not learn the latter until he received a phone call from Anthony Ralph Casasanta after he had been served with a writ of summons.

Michael Halliday, Esq., filed an affidavit on September 3, 1971, in which he stated that on June 20, 1967, he did, in fact, call Thomas V. Mansell whom he understood to be the attorney for the personal representative of the Estate of John Casasanta for the purpose of determining the status of the administration of the estate and whether the executor had been discharged. He stated that he advised Mr. Mansell he intended to bring suit against Anthony Ralph Casasanta as the executor of the Estate of John Casasanta; that there was no denial that Anthony Ralph Casasanta was the executor; and that in reliance of his conversation with Attorney Mansell, the praecipe for a writ of summons was filed on June 26, 1967, and that on June 27, 1967, he forwarded a copy to Mr. Mansell by letter. He stated further that within several days after July 6, 1967, he called Anthony Ralph Casasanta and was advised by Mr. Casasanta that he had turned the summons over to Mr. Catalano, the adjustor for the insurance company for his father and had turned a letter which Mr. Halliday had written to him of June 27, 1967, over to Mr. Mansell, the attorney. He affirms further that on July 10, 1967, he received a letter from Mr. Mansell which is attached to the affidavit stating that the Casasanta Estate had been closed with the filing of a final account and that he was sending that letter of Mr.

Halliday to him of June 27, 1967, to the insurance carrier for Mr. Casasanta.[4]

Upon these facts the disposition of the motion for summary judgment must now be made.

*Is plaintiff barred from proceeding with its action because of the failure to serve upon Sullivan Cicerone a copy of the writ of summons within the two-year statute of limitations following the filing of the praecipe for the writ?*

Although Pa. R. C. P. 1010 makes no mention of the requirement to serve a copy of the writ of summons within the same statutory period as the praecipe for the writ of summons could initially have been filed, it has been long established that such a statute of limitations does exist.[5] To attempt to bind plaintiff to this rule is to ignore that since July 6, 1967, by numerous procedural devices, plaintiff has been endeavoring to get Sullivan Cicerone upon the record. All of his efforts have been denied down to the order of January 23, 1969. Plaintiff cannot be penalized because he elects to appeal and thereby extend the time when the amended complaint is, in fact, filed.[6] Therefore, plaintiff cannot be barred by the two-year statute of limitations for the first reason advanced by defendant, Sullivan Cicerone.

*Are there questions of fact to be decided as to representations by the attorney for Sullivan Cicerone,*

---

[4] Although Mr. Halliday was present in court at the hearing of October 30, 1968, to determine these very facts, he did not testify or offer any evidence of any nature as to his own participation in this matter.

[5] Zarlinsky v. Laudenslager, 402 Pa. 290, 167 A. 2d 317 (1961).

[6] Although plaintiff captions his pleading of May 25, 1970, as an "Amended Complaint," the original complaint prepared and furnished to the court under the order of September 20, 1968, due to the direction of the court was never actually filed or served.

*Executor of the Estate of John Casasanta, which require a jury trial?*

Because of the procedure followed in this case to attempt to bring Sullivan Cicerone upon the record, this court is faced not only with an additional set of facts not previously known but also a different set of rules by which the matter is to be determined. As to the facts, all that previously known was considered and made the basis of findings of fact resulting in the opinion and order of January 23, 1969. However, since that time, both plaintiff and Sullivan Cicerone's attorney have filed additional affidavits concerning matters which were not previously brought to this court's attention.

Normally the statute of limitations must be raised as an affirmative defense in an answer to a complaint. The rule's purpose is to permit a determination of whether there really is a material question of fact as to its existence. If so, it should then be submitted to a jury for determination.[7]

When this matter was previously decided, it was through a petition for a rule to show cause. The burden of proof that Ervin J. Stanford should be entitled to have Sullivan Cicerone named as a defendant was upon the party asserting that claim by clear, precise and unequivocal evidence.[8] Further, the petitioner was obligated with all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed statutory period.[9] Finally, by well-established rules the matter was to be exam-

---

[7] Mangino v. Steel Contracting Company, 427 Pa. 533, 235 A. 2d 151 (1967).

[8] Hertz Corporation v. Hardy, 197 Pa. Superior Ct. 466, 178 A. 2d 833 (1962).

[9] Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963).

ined considering: (a) That mere mistake, misunderstanding or lack of knowledge do not toll the statute of limitations; (b) if through fraud, deception or concealment of facts defendant or his representative lulls plaintiff into a sense of security so that such person's vigil is relaxed, then defendant may be estopped from evoking the statute; (c) the fraud which will toll the statute, in effect an estoppel, need not be fraud in the strictest sense, i.e., inclusive of an unintentional deception; and (d) an estoppel becomes applicable only in clear cases of fraud.[10]

Now, however, the matter comes before the court by Rule 1035 for summary judgment. Under this rule, "the quantum of evidentiary facts which must be educed to preclude summary judgment is not the same (by analogy) as that required to set aside a release at trial; that is, at this stage a showing of fraud or mistake need not be 'clear, convincing and indubitable' ": Page 55.[11]

A summary judgment is to be granted only in the words of the rule if ". . . there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." [12] Such judgment shall be granted only in the clearest of cases.[13] The rule is to be strictly interpreted insofar as possible. All intendments should be invoked against the party attempting to secure the summary judgment.[14] The

---

[10] Walters v. Ditzler, 424 Pa. 445, 227 A. 2d 833 (1967).

[11] McFadden v. American Oil Company, 215 Pa. Superior Ct. 44, 257 A. 2d 283 (1969).

[12] Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968).

[13] Kotwasinski, et al. v. Rasner, 436 Pa. 32, 258 A. 2d 865 (1969).

[14] McFadden v. American Oil Company, supra; Toth et ux. v. Philadelphia, 213 Pa. Superior Ct. 282, 247 A. 2d 629 (1968).

burden, of course, is placed upon the moving party.[15]

The mere assertion that a genuine issue exists without any showing of evidence would defeat the whole purpose of summary judgments.[16]

Although under the Federal rules the test is whether a motion for a directed verdict could be awarded at trial, Pennsylvania requires the consideration of such a motion in the light of Nanty-Glo Borough v. American Surety Co., 309 Pa. 236, 163 Atl. 523 (1932), and Kopar v. Mamone, et al., 419 Pa. 601, 215 A. 2d 641 (1965).[17] The former holds that even uncontradicted testimony in a contract action must be submitted to a jury and the latter affirms the same position as to tort actions.

In the case at bar, we now have by the conflicting affidavits a factual issue as to whether counsel for plaintiff within the two-year statute of limitations was actually deceived by counsel for the estate of defendant, Sullivan Cicerone, Executor of the Estate of John Casasanta, deceased. If, in fact, that occurred, relief may be granted to plaintiff.[18] The temptation

---

[15] McFadden v. American Oil Company, supra.

[16] McFadden, supra, citing, page 55, 3 Barron and Holtzoff, Fed. Practice and Procedure, sec. 1235, at 141 (Wright ed., 1958).

[17] More recently as to trespass actions in Brodhead v. Brentwood Ornamental Iron Company, Inc., 435 Pa. 7, 255 A. 2d 120 (1969); and McElhinny v. Iliff, 436 Pa. 506, 260 A. 2d 739 (1970).

[18] The rule is that if through fraud or concealment defendant causes plaintiff to relax his vigilance or deviate from his right of inquiry, defendant is estopped from asserting the bar of the statute of limitations: Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963); Deemer et al. v. Weaver, Exrx., 324 Pa. 85, 188 Atl. 130 (1936); Med-Mar, Inc. v. Dilworth et al., 214 Pa. Superior Ct. 402, 406, 257 A. 2d 910 (1969). If the statute of limitations is attacked on the grounds of equitable estoppel, the doctrine applies where, because of something that has been done a party is denied the right to plead or prove an otherwise important fact: Nesbitt v.

to bar plaintiff's counsel from now asserting something that must have been known to him as he sat in the courtroom on the day of October 30, 1968, and heard the testimony unfold as to the efforts of his co-counsel to elicit the name of the actual executor and remain silent is tempting at the least. At that hearing, this court inquired of Mr. Hasley, one of the counsel for plaintiff, "Now, is there any further testimony that either party has and is the testimony closed? Mr. Hasley: We have no further testimony." However, while the failure of counsel to speak may well make an excellent argument to the jury as to credibility, plaintiff should not be denied the opportunity to have such testimony considered by a jury. Plaintiff was not present at the hearing and is entirely at the mercy of his counsel's representation of his case. Further, that by application of rule 1035 plaintiff is bound to file whatever affidavits may be available prior to the determination of the motion for summary judgment. Previous thereto, plaintiff merely suffered the possibility of inability to convince the court of his position by not advancing all of the evidence.

Wherefore, this court is unable to grant a summary judgment as for the second reason advanced by defendant, Sullivan Cicerone.

*Is plaintiff barred by laches due to the failure to file the complaint within 20 days of the order of January 23, 1969?*

Defendant supplies no authority for laches under the factual situation here present and tacitly admits by his brief that, "Even if laches in the technical sense is not involved, it is apparent that plaintiff's difficul-

---

Erie Coach Co., 416 Pa. 89, 204 A. 2d 473 (1964). Further, that if a person has no reason to make an investigation to discover concealed facts, his failure to do so is not laches: Rush v. Butler Fair and Agricultural Association, 391 Pa. 181, 137 A. 2d 245 (1958).

ties are of their own making." As recognized by defendant, the order attached to the opinion of January 23, 1969, does not specifically state that plaintiff must file his complaint within 20 days thereof. The opinion does, however, so specifically state. Although the Supreme Court quashed the appeal on April 20, 1970, the papers were not returned to this court until April 21st of that year. The amended complaint was not filed until May 25th. If defendant had elected to attack the late filing by an appropriate method other than a summary judgment on the ground of laches, he might have been in a much better procedural position. However, this court cannot conclude that a filing as close in time to the order of the Supreme Court quashing the appeal and the return of the papers thereby revesting jurisdiction in the lower court is an adequate basis to bar that plaintiff on the grounds of laches.

Wherefore, defendant's, Sullivan Cicerone, as Executor of the Estate of John Casasanta, deceased, motion for summary judgment is denied.

### ORDER

And now, October 8, 1971, defendant's, Sullivan Cicerone, as Executor of the Estate of John Casasanta, deceased, added defendant, motion for summary judgment is denied.