## Sklar v. Albert Einstein Medical Center

*Arthur J. Matusow,* for plaintiff.
*Joseph H. Foster,* for defendant.

TAKIFF, J. October 17, 1974.—Defendant here raises preliminary objections in the nature of a demurrer to plaintiff's complaint in trespass. Defendant maintains that the action is barred by operation of the Pennsylvania Workmen's Compensation Act, 77 PS §1, et seq., and that even if it is not so precluded, plaintiff has failed to set forth a cause of action in negligence. After review of the pleadings and memoranda in support thereof, we overrule the preliminary objections.

The complaint avers that plaintiff, a resident of Philadelphia and employe of defendant hospital was, at 12:15 p.m. on January 31, 1974, assaulted on the first floor of one of defendant's buildings. Her assailant pulled her into an unlocked ladies room and attempted to rape her. When the attack was made, plaintiff was properly where she was and was acting within the scope of her employment. The complaint further

alleges that the assault was due to defendant's negligence in not maintaining proper security in certain specified ways in the face of "previous similar incidents" which foretold the present attack. In her timely answer to the preliminary objections, plaintiff maintained that the motive of the attack by the unidentified assailant was "because of reasons personal to him and was not directed against plaintiff as an employee or because of her employment."

Defendant's contention that the averments state an incurrence of an injury compensable by Workmen's Compensation and hence not actionable at common law is without merit. The act expressly excludes from its coverage "an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment": Act of June 2, 1915, P. L. 736, art. III, sec. 301 (c), as amended, 77 PS §411. The most often cited judicial exposition of this statutory language is:

"The act excludes from its coverage attacks upon an employee whether or not they occur while he is pursuing his employer's business and whether or not they are caused by the condition of the employer's premises or by the operation of his business or affairs thereon so long as the reasons for the attack are purely personal to the assailant. In such a case, the plaintiff is permitted his common law remedy": Dolan v. Linton's Lunch, 397 Pa. 114 (1959) at 125, quoted in McBride v. Hershey Choc. Corp., 200 Pa. Superior Ct. 347 (1963) at 349-50.

The complaint in the instant case portrays a situation which is apparently squarely within the exception of the act. As in the complaint approved in Dolan, plaintiff averred an attack by a third party which occurred as a result of the employer's negligence in not

providing certain safeguards that he should have been on notice to provide because of prior incidents. The complaint alleges that the assailant threw plaintiff "to the floor and attempted to rape her." While that pleading does not declare in ipsis verbis that assault was for "personal reasons," it is somewhat of a strain on imagination to conclude that the omission of such a conclusionary statement renders the alleged action "impersonal " so as to return the cause of action to the Workmen's Compensation Act remedy. The answer to the preliminary objections asserted that which was reasonably inferrable from the complaint allegation of attempted rape; that the assailant's motive was personal to him and the attack did not result because of the employer-employe relationship.

We also disagree that plaintiff has failed to state a cause of action in negligence. Defendant contends that no duty was owed to plaintiff because it was not foreseeable that criminals would go into the hospital building and assault plaintiff when they did. On the contrary, plaintiff alleged in her complaint that "previous similar incidents" should have put defendant on notice that other assaults were likely to happen in the absence of adequate security. That a duty is owed under such circumstances is clear. Restatment 2d, Torts, §344, Business Premises Open to Public: Acts of Third Persons or Animals. Section (f) in particular states:

"Duty to police premises. Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on

the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." Accord: Moran v. Valley Forge Drive-In Theatre, Inc., 431 Pa. 432 (1968).

Defendant cites Biechy v. Bangor Park Board, 55 D. & C. 2d 352 (1972), in support of his contention that no duty was owed in the present instance. Biechy, however, is inapposite since, there, plaintiff failed to allege that the character of the premises or the occurrence of prior incidents placed defendant on notice of the type of harm suffered.

Defendant also contends that no negligence cause of action is properly stated because, under the doctrine of proximate cause, the independent criminal acts of a third party as a superseding cause cut off the responsibility of defendant for his original risk-creating activity: Liney v. Chestnut Motors, Inc., 421 Pa. 26 (1966); Canavin v. Wilmington Transportation Co., 208 Pa. Superior Ct. 506 (1966).

Defendant's assertion is a principle of proximate cause that is not applicable here. Proximate cause is a judicially applied device which is imposed to limit liability for remote occurrences arguably caused by defendant's risk-creating activity. Where, however, one creates a dangerous condition whose natural and probable effect will be to cause a certain event, the risk creator cannot escape liability for that event: Ritchey v. Cassone, 296 Pa. 249 (1929). In the instant case, the natural and probable consequences, as foretold by "previous similar occurrences," of failing to maintain proper security in the hospital was that assaults would

occur. This was plaintiff's theory, and we cannot say a jury could not so find if the evidence upon trial adequately supports the allegation.

Therefore, to wit, October 17, 1974, defendant's preliminary objections are hereby overruled.