## Yoder v. Meenan Oil Company

*John J. D'Angelo,* for plaintiff.
*Dennis L. Platt,* for defendants.

SOKOLOVE, *J.,* October 16, 1989 — Defendant Meenan Oil Company Inc. has filed a motion for summary judgment. After excellent oral argument on both sides and our careful review of the memoranda of law and the record, we must deny the motion. The issue is critical enough that we believe an explanation of our decision is in order.

The standards for the entry of summary judgment are well known. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b). Summary judgment should not be entered unless the case is free from doubt. *Howar v. Whitmak Associates,* 371 Pa. Super. 443, 538 A.2d 524 (1988); *Weiss v. Keystone Mack Sales Inc.,* 310 Pa. Super. 425, 456 A.2d 1009 (1983). In

ruling upon a motion for summary judgment, the court must examine the record in a light most favorable to the non-moving party. We must accept all well-pleaded facts in the non-moving party's pleadings and the reasonable inferences drawn therefrom. *Howar v. Whitmak Associates, supra; Spain v. Vincente,* 315 Pa. Super. 135, 461 A.2d 833 (1983).

The record in the instant case consists of the pleadings, the deposition of one Thomas Pierson and the transcript of Mr. Pierson's preliminary hearing on criminal charges stemming from this matter. The facts contained in the record are tragic. On the afternoon of November 27, 1987, while in the scope of his employment as an oil service technician for the Jesse E. Terry Division of defendant Meenan Oil, defendant Karl Kielkopf drove a Meenan Oil van to Bristol Auto Body at 111 Lakeside Avenue, Croydon, Bucks County, Pennsylvania. Mr. Kielkopf had visited that location several times before. On this occasion Mr. Kielkopf left the van outside, in front of and some distance from the building, with the keys in the ignition and the engine running. Mr. Kielkopf went into the building where he remained working to restore heat for at least 45 minutes to an hour. In the meantime, Mr. Pierson, who had been drinking in the nearby Ron's Bar all day, walked the short distance from the bar and, spying the empty van, stole it. At least one other bar was also located in close proximity to Bristol Auto Body. Mr. Pierson was extremely intoxicated, was not licensed to drive and had just been released from prison three days earlier for vehicle theft. At about seven o'clock that evening, while operating the stolen van at a grossly excessive speed, Mr. Pierson ran over and killed plaintiff's

decedent as she stepped off a public bus and was attempting to cross Beaverdam Road in Bristol, Bucks County, Pa.

The issue is whether the admitted negligence of the Meenan Oil employee, Mr. Kielkopf, in leaving the van running with the keys in it, could be the proximate cause of the decedent's death or whether that negligence was so clearly remote to the harm suffered that Meenan Oil could not be liable as a matter of law. The parties have cited several cases pertinent to our determination of this issue.

The defendant in *Liney v. Chestnut Motors Inc.*, 421 Pa. 26, 218 A.2d 336 (1966) operated an automobile sales agency and garage in an area experiencing a high and increasing number of auto thefts in the immediately preceding months. A customer's automobile was left for repairs outside the building, double parked and with the key in the ignition. The car was stolen three hours later and driven so recklessly that it struck and injured the plaintiff, a pedestrian on the sidewalk. The Supreme Court held that no cause of action had been stated against the defendant. The court found that the defendant could not have anticipated and foreseen that its carelessness would result in the harm the plaintiff suffered. Assuming that the defendant should have foreseen the likelihood of the vehicle's theft, the court saw nothing in the record to put the defendant on notice that the thief would be an incompetent or careless driver. Thus, the thief's reckless driving was the superseding cause of plaintiff's damages, and the defendant's negligence was too remote to be a legal cause. The court recognized that the question of proximate cause is generally for the jury but held that, if the relevant facts are not in dispute and the remoteness is clearly apparent, the question becomes one of law for the court.

The Superior Court followed the *Liney* decision in *Canavin v. Wilmington Transportation Co.*, 208 Pa. Super. 506, 223 A.2d 902 (1966) and *Jamison v. Philadelphia*, 355 Pa. Super. 376, 513 A.2d 479 (1986). In *Canavin*, a young boy drove off in an airport limousine defendant had left with the keys in the ignition. A short distance away, the boy injured a third person. In the past, vehicles in the area had been vandalized by youths, and vehicles had been stolen from nearby lots. The court, in a split decision, found no evidence to put the defendant on notice that a young boy would steal and attempt to drive the limousine. Similarly, the *Jamison* court granted a demurrer to a defendant parking garage from which a thief had stolen a vehicle and, while trying to elude the police, had inflicted injury upon the plaintiff. The court reasoned that the complaint contained no averments that the defendant knew or should have known that the vehicle was likely to be stolen by an incompetent driver or that the thief would drive in a negligent or reckless manner.

Two cases support the plaintiff's position. The case of *Anderson v. Bushong Pontiac Co.*, 404 Pa. 382, 171 A.2d 771 (1961) involved a defendant used car dealership which had left the keys in a car displayed on its lot. Juveniles were known to play on the lot and around the cars. A 14-year-old boy stole the keys to a sedan on the lot, a fact which was discovered and reported to the police the same day. Nonetheless, the defendant kept the car unlocked on the lot. Another boy stole the car three days later and drove onto a sidewalk, striking the plaintiff. The Supreme Court reversed the lower court order sustaining preliminary objections and denying the right to amend. The court found that, under these circumstances, it was reasonably foreseeable that a

teenager might steal the car and that the plaintiff, as a pedestrian, was within the class of persons endangered by the defendant's negligence. Moreover, the court emphasized that the question of proximate cause was, in this instance, an issue of fact within the province of the jury. The court quoted from *Nelson v. Duquesne L. Co.*, 338 Pa. 37, 12 A.2d 299 (1940):

"It is not uncommon to have a situation where there may be a reasonable difference of opinion as to whether the actor's conduct was a substantial factor in bringing about the harm, and it frequently occurs that where intervening forces have come into operation there may be a reasonable difference of opinion as to whether they were extraordinary or normal. If there is room for such a reasonable difference of opinion, the question of legal cause is for the determination of the jury. . . . " *Anderson v. Bushong Pontiac Co., supra* at 391, 171 A.2d at 775.

In *Glass v. Freeman*, 430 Pa. 21, 240 A.2d 825 (1968), the court rejected the proffered application of *Loney* and instead relied upon *Anderson*. There the defendant had left a tractor running and unattended in an area where his seven-year-old son was playing. The court found that it was foreseeable that the boy might attempt to drive the tractor and would do so in a negligent fashion.

The case before us falls between these two lines of precedents. It is not so clear, as in *Liney* and its progeny, that the Meenan Oil employee had no notice whatsoever that the van could be stolen by an incompetent driver, nor was the potential danger here as obvious or immediate as in *Anderson* or *Glass*. The salient, distinguishing facts are that the Meenan Oil employee was familiar with the locale in which he left the van and that there were at least two bars in the neighborhood. Based upon these

facts, we cannot say as a matter of law that the theft of the van by an intoxicated person, who undeniably would be an incompetent or careless driver, was an attenuated and unforeseeable event. Whether Mr. Kielkopf had notice or reasonably should have been placed on notice that an inebriate would steal and drive the van is a material issue of fact which precludes summary judgment and which, as the record currently exists, must be reserved for the jury.

We, therefore, enter the following

## ORDER

And now, October 16, 1989, upon consideration of the motion for summary judgment of defendant Meenan Oil Company Inc. and after oral argument and review of the answer and the memoranda of law, it is hereby ordered and decreed that the motion is denied and dismissed.