## Boyd v. Conley Motel, Inc.

*Francis S. McQuilkin,* for plaintiff.

*Edwin A. Young,* for defendant.

BROSKY, J., December 30, 1965.—This action in trespass is presently before the court upon plaintiffs' peti-

tion for leave to amend the complaint by adding thereto allegations of defendant's negligence in the excessive quantity, or the quality, of light in the dining room of the Conley Motel, owned and operated by the corporation of that same name near Monroeville, Allegheny County, Pa.

The facts culled from the complaint reveal that at noon on September 15, 1962, Mary Bachtler Boyd and her husband, now deceased, were motel room and dining room guests of said corporation, and that wife-plaintiff fell in the dining room as a result of catching her foot in the understructure of a serving trayholder which stood in an aisle between two rows of tables.

The negligence, as set forth in the complaint, is as follows:

"Ninth: The said injury to the plaintiff was caused solely by the negligence of the defendant, consisting in the following particulars:

"(a) In placing, in the aisle between two rows of tables in the restaurant, a certain stand for the holding of trays, and which stand obstructed the wife-plaintiff's passage in said aisle.

"(b) In placing in the aisle between rows of tables in its restaurant the said stand or trayholder which was constructed in such a way that its legs projected into the aisle or passageway used by the wife-plaintiff, and so that the legs of the said stand projected beyond the edge of the tray or trays which were upon the said stand.

"(c) In failing to warn the wife-plaintiff that the legs of the said trayholder or stand projected beyond the edge of the tray which was upon the stand.

"(d) In failing to provide sufficient space for the wife-plaintiff in the said aisle to pass the said stand or tray-holder without coming into contact with its legs.

"(e) In placing the said tray-holder or stand in the aisle between rows of tables in defendant's restaurant

and allowing it to obstruct wife-plaintiff's passage in the said aisle.

"(f) In using a stand for holding trays of dishes which was unsafely constructed and in placing the said stand in the aisle between rows of tables in its restaurant; said unsafe condition lying in the fact that the feet, or lower ends of the legs of the stand, projected beyond the edges of any tray which was upon the stand and into that part of the aisle traversed by the wife-plaintiff, whereby her passage was obstructed and rendered dangerous.

"(g) In permitting the aisle between rows of tables which was traversed by the wife-plaintiff to be obstructed by a stand used for holding trays of dishes and food."

The petition to amend seeks to add to said paragraphs the following subparagraphs:

"(h) In lighting the defendant's dining room in such a manner, by means of daylight, which was permitted to enter the dining room on three sides thereof, and by artificial light, that the ability of the wife-plaintiff to see the said tray-stand was reduced and the difficulty of her seeing task was increased. By reason whereof, the plaintiff's observation of the legs of the said tray-stand and their presence in the aisle in which the wife-plaintiff was traversing was impeded or hindered.

"(i) In failing to light the defendant's dining room in such manner that the legs of said tray-stand were readily visible to the plaintiff as she traversed the aisle aforementioned".

Plaintiffs contend that the said addition does not constitute a new cause of action; that it merely amplifies the original ninth paragraph by explaining why wife-plaintiff did not notice the understructure of the tray-holder projected beyond the top thereof. We cannot agree with this proposition.

In Saracina v. Cotoia, 417 Pa. 80, 85, the complaint originally averred that defendant's vehicle came into collision with James Saracina, minor plaintiff, "who was then and there *crossing*" the street, and one of the amendments to the complaint sought to have the said part of the complaint amended to read "was then and there *standing*" on the street. In respect to this particular amendment, the Supreme Court stated:

"We have defined 'cause of action' as 'the negligent act or acts which occasioned the injury . . . The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required?' "

In that case, the court found that the theory of negligence upon which plaintiff-appellant relied, i.e., the alleged negligent operation of the automobile, would not be changed, that a judgment would bar any further action on either, that the measure of damages would be the same, and that the measure of proof required would be identical.

In the action presently before us, the original theory of the act of negligence clearly states that the projections of the tray holder's legs and feet were hidden by its position between two rows of tables which made the aisle so narrow that wife-plaintiff could not pass without coming into contact with said tray holder's legs or feet. Under that theory, the negligent act consisted of placing an obstruction in an aisle so narrow that the protrusion of the tray holder's feet were obscured by the closeness of tables on each side of it and it, therefore, consituted a danger of which wife-plaintiff was not warned by defendant.

The proposed amendment, in blaming the lighting of the dining room for wife-plaintiff's fall and injury,

does not amplify the original theory of defendant's negligence; it replaces the charge of a perilously cramped aisle and a failure to give warning anent the protrusion of the tray-holder's legs with a charge that the lighting made it difficult for her to see the projecting legs and feet of the tray-holder. This is patently a different theory of defendant's act of negligence. A judgment on the original theory, as stated in the complaint, would not bar an action basing the cause of her injury upon the type of light in the dining room. The measure of proof would perforce be different. The defense, in respect to the cramped aisle-space and failure to warn, would not require the kind of evidence necessary in respect to the type, amount and arrangement of the lighting in the dining room. The proposed amendment, therefore, does in fact state a separate cause of action, and the statute of limitations having expired, the proposed amendment to the complaint cannot be permitted.

### ORDER OF COURT

And now, to wit, December 30, 1965, it is ordered, adjudged and decreed that plaintiff's petition to amend the complaint should be and hereby is denied.