## Stanford, Appellant, *v.* Casasanta.

430

Argued October 10, 1969. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Raymond G. Hasley*, with him *Michael Halliday, Stuart A. Culbertson, Daniel B. Winters*, and *Rose, Schmidt and Dixon*, and *Stein and Winters*, for appellant.

*Geo. Hardy Rowley*, with him *Voorhies, Dilley, Keck, Rowley & Wallace*, for appellee.

Opinion by Mr. Justice Eagen, March 20, 1970:

On August 26, 1965, an automobile operated by John Casasanta collided in Mercer County with an automobile operated by Ervin J. Stanford. Stanford suffered injuries in the accident, but survived. Casasanta suffered injuries which caused his death. On September 13, 1965, letters testamentary were issued by the Register of Wills to Sullivan Cicerone as Executor of Casasanta's Estate.

On June 26, 1967, Stanford instituted this action in trespass by summons seeking damages for loss resulting from the accident. The defendant named in the action was Anthony Ralph Casasanta, Executor of the Estate of John Casasanta, deceased. On December 15, 1967, Stanford filed a petition in the court below for

a rule to show cause why "the proceedings . . . should not be amended to show the name of the defendant as follows: Sullivan Cicerone, Executor of the Estate of John Casasanta, deceased." After argument, the court discharged the rule. Later, this order was vacated and Stanford, with the court's permission, filed an amended petition requesting a rule to show cause why the caption of the case should not be amended to read as follows: "Ervin J. Stanford v. Anthony Ralph Casasanta, also known as Sullivan Cicerone, Executor of the Estate of John Casasanta, deceased."[1] The court then conducted an evidentiary hearing. After finding that Anthony Ralph Casasanta and Sullivan Cicerone were two distinct and different persons, it entered an order refusing to permit the caption of the case to be amended, but granting Stanford a period of twenty days to "file a complaint naming Sullivan Cicerone as Executor of the Estate of John Casasanta." Instead of filing such a complaint, Stanford filed this appeal.[2] We will quash. The order is interlocutory and unappealable.

As we stated in *Stadler v. Mt. Oliver Borough,* supra n. 2, at 317-318, 95 A. 2d at 776-777: "By a veritable multitude of decisions it has been established that, unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree, or judgment which finally determines the action: (citing cases). The court cannot assume such appellate jurisdiction even by consent of the parties: (cit-

---

[1] Stanford's petition was based on the contention that estoppel principles permitted the amendment.

[2] We do not pass upon the correctness of the lower court's order. We are also cognizant that a motion to quash the appeal was filed but later withdrawn. However, an appeal will not lie from an interlocutory order even though the litigants may consent that the appellate court assume jurisdiction. *Stadler v. Mt. Oliver Borough,* 373 Pa. 316, 95 A. 2d 776 (1953); *Monnia's Estate,* 270 Pa. 367, 113 A. 550 (1921).

ing cases). Nor is an order, judgment or decree final unless it *terminates* the litigation between the parties to the suit by precluding a party from further action in that court: (citing cases)." (Emphasis supplied.) See also, *Peterson v. Phila. Transportation Company*, 435 Pa. 232, 255 A. 2d 577 (1969).

Herein the order appealed from clearly did not terminate the litigation, but rather left the way open for Stanford to pursue his action against the proper party by filing a complaint within 20 days of the court's order

The situation present here is not analogous to *Saracina v. Cotoia*, 417 Pa. 80, 208 A. 2d 764 (1965).[3] In the instant case, the lower court went further than simply refusing Stanford's petition to amend.

Appeal quashed.

---

[3] In *Saracina*, this Court decided that a court order discharging a petition to amend a complaint [specifically, to change the name of the defendant] constituted a *final* order and was appealable in that the effect of that order was "to preclude plaintiff from any further action, the driver of the automobile [the person who should have been sued] not being before the court and no pleadings being present which allege control or supervision over the vehicle by its owner [the party who was, in fact, sued]." *Saracina*, supra at 83 n. 3, 208 A. 2d at 765 n. 3.