## Byrd v. Merwin

*James C. Brennan,* for plaintiff.

*Francis A. Ferrara* and *George J. McConchie,* for defendants.

LIPPINCOTT, J., July 14, 1971.—Plaintiff's action in trespass seeks damages for personal injuries suffered by him on April 19, 1967, when workmen for defendant Merwin, a building contractor, allegedly dropped a section of staircase on plaintiff, who was then engaged in electrical work in the renovation of premises owned by defendant Olin. Following extensive discovery and after the case was ordered to trial, plaintiff filed the present petition on April 7, 1971, seeking leave to amend his complaint by alleging that Merwin was the agent of Olin. This is opposed by Olin on the ground that a new cause of action will be introduced following the expiration of the statute of limitations.

Plaintiff alleged in his complaint that defendant Merwin, by his workmen or employes, was engaged in construction operations, including the erection of a large oak staircase on the premises of defendant

Olin. Plaintiff, an employe of an electrical subcontractor, was engaged in electrical work on said premises at the time. He alleged that Merwin's employes attempted to set the oak staircase into place, that they were incompetent and unfit to handle it, and that they allowed it to fall upon plaintiff without any notice or warning, causing him serious injuries.

Plaintiff further alleged that defendant Olin was negligent by inviting plaintiff onto the premises without exercising reasonable care to protect or warn him of the unreasonable risk of harm existing by reason of the erection of the staircase, and ". . . (c) in that he *retained* Defendant, Joseph H. Merwin, his workmen or employees with knowledge that the size and weight of said staircase was such that said workmen or employees were unfit and incompetent to handle it." (Italics supplied.)

In his petition to amend the complaint, plaintiff asks leave to incorporate language to the effect that defendant Merwin, his workmen or employes, acted as "agents, workmen, or employees" of defendant Olin in the erection of the staircase. He argues that his initial averment, that Olin "retained" Merwin, was a legally sufficient allegation of a master-servant relationship and that by his proposed amendment he merely wishes to clarify and amplify his initial pleading. Alternately, he argues that even if the master-servant relationship was not adequately framed in his complaint, the introduction of such an allegation at this late date (the statute of limitations having expired April 19, 1969) neither introduces a new cause of action nor prejudices defendant Olin and, therefore, should be allowed.

"An amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant: (citing cases) This

would constitute 'resulting prejudice' to the adverse party. However, if the proposed amendment does not change the cause of action but merely amplifies that which has already been averred, it should be allowed even though the Statute of Limitations has already run: (citing cases)": Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963).

Plaintiff's initial argument, that his proposed amendment merely amplifies a legally sufficient allegation of the master-servant relationship, is without merit. To suggest that the word "retain" carries with it such a special and significant meaning is untenable. Plaintiff has "retained" the services of his attorney in this lawsuit, yet neither would seriously argue that a master-servant relationship (as distinguished from that of principal-agent) has been created.

Moreover, the pleading in its other aspects demonstrates an adequate knowledge of how such a relationship should be stated. Specifically, plaintiff makes liberal use of the terms "workmen" and "employes" when referring to the relationship between defendant Merwin and his employes, yet when referring to the relationship between Merwin and Olin he merely states that Olin "retained" Merwin. Also of interest is the fact that the pretrial statement of plaintiff's counsel, filed prior to the petition to amend, makes no mention of a master-servant relationship between defendants. For these reasons, we cannot construe the proposed amendment to amplify that which was previously averred.

The remaining issue is whether, under authority of Schaffer v. Larzelere, supra, a new cause of action would be introduced by the proposed amendment. "We have defined 'cause of action' as 'the negligent act or acts which occasioned the injury': (citing case).

'The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required?' (citing cases)": Saracina v. Cotoia, 417 Pa. 80, 208 A.2d 764 (1965).

In Wilson v. Howard Johnson Restaurant, 421 Pa. 455, 219 A. 2d 676 (1966), plaintiff sought damages from defendant for injuries received when he slipped on defendant's sidewalk and was impaled upon a picket fence. His initial cause of action was based upon defendant's negligence in permitting the sidewalk to remain in a slippery condition; sometime after the tolling of the statute, he moved to amend his complaint to allege that defendant was negligent in maintaining a wooden picket fence so close to the sidewalk. The court denied plaintiff's motion on the ground that he was relying on a different theory of recovery upon new grounds, by charging entirely different negligent acts against defendant. "Cause of action" was therein defined as ". . . the negligent act or acts which occasioned the injury." For a similar result, see Dierolf v. Fioritto, 42 D. & C.2d 689 (1967), wherein the tests enunciated in Saracina and Wilson, supra, are applied.

Plaintiff does not address himself to the foregoing tests, but relies upon Lassock v. Bileski, 94 Pa. Superior Ct. 299 (1928). We distinguish this vintage case. In Lassock, plaintiff charged defendant with negligent operation of his vehicle, causing personal injuries to plaintiff. It later developed that defendant's servant was driving, with defendant as a passenger. The court permitted plaintiff to amend his pleadings to conform to the evidence, after the tolling of the statute, conclud-

ing that the amendment did not introduce a new cause of action. The distinguishing feature is that in Lassock the defendant was not charged with any new or different negligent act; rather, the theory of his liability was simply shifted from the direct to the vicarious. Lassock would be good authority in the case at bar had plaintiff initially charged Olin with the negligent acts of Merwin, which, in fact, he failed to do.

Plaintiff also relies upon Hauck v. Hassman, 18 Berks 155 (1926). Plaintiff therein sued the owner of an automobile, without alleging an agency relationship with the driver or any independent negligent acts by the owner himself. The court permitted plaintiff's proposed amendment to allege agency, after the tolling of the statute, in a short opinion without benefit of authority. Although not controlling in any event, we have little difficulty in limiting Hauck to its peculiar facts.

On the other hand, Schaaf v. The Record Publishing, 36 Erie 256 (1952), is much closer on its facts. Plaintiff sued the corporate defendants on the theory that they failed to properly exercise their duty to control, manage and supervise the individual defendant, whose negligent act injured the plaintiff. After the tolling of the statute, plaintiff moved to amend his complaint to allege a master-servant relationship between the corporate and individual defendants. In a well-reasoned opinion by Judge Laub, the court concluded that such amendment constituted a new and distinct cause of action and refused to allow it.

Finally, plaintiff has invited our attention to the case of Darmiento et al. v. Shoeman-Portman Ford Agency, Inc., et al., Common Pleas of Delaware County, no. 5424 of 1966, which at first blush appears to be on point. A careful reading of the pleadings, however, brings us to the conclusion that it more closely

resembles Lassock v. Bileski, supra. Plaintiff brought suit against both owner and operator of a motor vehicle for personal injuries suffered in an auto accident. He alleged negligent *operation* of the vehicle against both, without mention of a master-servant relationship between them. Although the statute had expired, an amendment to allege such a relationship was permitted by order of our court (Catania, J.).

In the instant case, plaintiff alleged that Merwin, by his employes, negligently handled the staircase. He alleged entirely different, distinct and independent acts of negligence against Olin; that is, Olin failed to warn or protect plaintiff from the unreasonable risk of harm surrounding the erection of the staircase and knowingly retained incompetent workmen. Were plaintiff's amendment allowed, Olin would be charged with Merwin's negligent acts as well as his own by virtue of the doctrine of respondeat superior. On authority of Wilson, plaintiff would thereby introduce a new "cause of action" against Olin, by charging him with different negligent acts.

Furthermore, under Saracina, supra, plaintiff's measures of proof would be significantly reduced as against Olin; he would merely be required to establish the master-servant relationship, and would not have to prove the independent acts of negligence initially charged against Olin. This would also compel Olin to enter into new and different defenses at this late date.

On authority of Wilson and Saracina, supra, we have little difficulty in concluding that plaintiff's proposed amendment would thus introduce a new "cause of action" against Olin and should not be permitted.

## ORDER

Now, July 14, 1971, plaintiff's petition for leave to amend the complaint is refused.