**Nearing v. Zuzek, Jr.**

*David W. Swanson*, for plaintiff.

*Philip J. Jacobus*, for defendants.

WOLFE, P. J., March 18, 1974.—For disposition is plaintiff's motion to join Emil Zuzek as a defendant, nunc pro tunc, or, in the alternative, to amend the action to change the name of Emil Zuzek, Jr., to Emil Zuzek, after the statute of limitations of two years for personal injuries has expired. The motion is opposed by Emil Zuzek.

The action arose from an automobile accident on January 7, 1972, when plaintiff's vehicle and a log truck operated by defendant, Lloyd Irwin, collided.

Plaintiff commenced his action by writ of summons naming as party defendants Emil Zuzek, Jr. and Andy Zuzek, Jr. t/d/b/a Zuzek and Son, and Lloyd Irwin.

The motion to join was filed January 21, 1974, and is opposed for the reason the statute of limitations of two years for personal injuries has expired, and to permit the joinder would add a new party defendant not within the time permitted.

Plaintiff acknowledges the expiration of the statute of limitations but advances the argument the truck operated by the defendant Irwin was, in fact, registered in the name of Zuzek and Son, of R. D. 2, Kane, Pa., and, subsequent to filing of the summons, plaintiff filed interrogatories on defendant, Emil Zuzek, Jr., and received answers thereon on January 11, 1974, after the statute had run, alerting plaintiff for the first time that defendant, Emil Zuzek, Jr., had no interest or ownership in the name or style of "Zuzek and Son" but, rather, Emil Zuzek is the true owner of the truck operated by defendant Irwin.

An answer to the motion was filed by Emil Zuzek admitting Emil Zuzek was the owner of the truck in question but was operated under the business known as "Zuzek Lumber Company" and also acknowledging Emil Zuzek failed to file the company name under the fictitious name or style of "Zuzek Lumber Company" as required by the Act of May 24, 1945, P. L. 967, sec. 1, as amended, 54 PS §28.1, but asserts that the failure to register was purely inadvertent and in ignorance of the law, since his surname is "Zuzek" and; in any event, there was no intention to avoid revealing the true ownership of the business or the true owner of the vehicle to defraud or misrepresent. When the motion was argued, it was established there exists an Emil Zuzek, Jr., and an Andy Zuzek, Jr., but these two have

no business relationship to Emil Zuzek or any business relationship to Emil Zuzek, d/b/a Zuzek Lumber Company.

Plaintiff argues that because of the failure of Emil Zuzek to file under the Fictitious Name Act, plaintiff has been misled as to the true owner of the truck involved in the accident.

Our first problem is with defendants, Emil Zuzek, Jr., and Andy Zuzek, Jr., each bearing the same surname and as juniors but with the nomenclature of trading and doing business as "Zuzek and Son." We fail to see how plaintiff could have brought action against two juniors and labeled them as "Zuzek and Son" without questioning the parenthood of one of them or making inquiry as to the same surname.

In Paulish v. Bakaitis, 442 Pa. 434, 275 A. 2d 318 (1971), Mr. Justice Pomeroy reviews the applicable cases to resolve this issue, commencing first with Gozdonovic v. Pleasant Hills Realty Company, 357 Pa. 23, 53 A. 2d 73 (1947); Powell v. Sutliff, 410 Pa. 436, 189 A. 2d 864 (1963); Waugh v. Steelton Taxicab Company, 371 Pa. 436, 89 A. 2d 527 (1952), and Saracina v. Cotoia, 417 Pa. 80, 208 A. 2d 764 (1965).

These cases establish that if the right party were sued, but under the wrong designation, amendment will be permitted notwithstanding the period of limitations has expired; but if the wrong party were sued initially and the amendment is to substitute or add another but distinct party after the statute has run, the amendment will be denied.

There can be no question that the wrong party was sued in this instance and the only question remaining is whether the failure of Emil Zuzek to register under the Fictitious Name Act was an omission of a duty on his part imposed upon him by the Fictitious Name

Act and, by a failure to do so, plaintiff has been misled.

First, we conclude the name or style of "Zuzek Lumber Company" is fictitious and registration is required: Green's v. Pearthree, 77 D. & C. 504 (1951); Alleman v. Lowengart, 63 D. & C. 430 (1948).

A review of the annotated cases under this section compels a conclusion that it was the legislature's intent it apply to individuals carrying on or conducting a business under an assumed name to alert the public with whom they are doing business: Ulick v. Vibration Specialty Company, 348 Pa. 241, 35 A. 2d 332 (1944); U.S. v. American Standard Remodeling Corp., 252 F. Supp. 690 (D. C. 1966), and registration of a fictitious name is a condition precedent to commencement of any action in any of the courts of this Commonwealth as provided by section 4 thereof: 54 PS §28.4. Further, it was not the intent of the legislature that the act applied to tort actions: McLaughlin v. J. E. Baker & Co. 5 D. & C. 781 (1924).

In our opinion plaintiff's reliance on Rowland v. Canuso, 329 Pa. 72, 196 Atl. 823 (1938) is misplaced. It is true the court therein stated that the purpose of the Fictitious Name Act was to protect those who deal with persons carrying on a business under an assumed name and it also serves the purpose of identifying those against whom, in certain circumstances, claims for damages, arising from either tort or contract, should be made. We think the reference to tort actions in dictum by the court in that instance. The court said, "It also serves the purpose of identifying those against whom in certain circumstances claims for damages, arising from either tort or contract, should be made." The court's passing reference was to the convenience of the act; to wit, that it serves a purpose of identifying those who may be liable in either tort or contract. We

cannot conclude the court held, as a matter of law, that the act applies to trespass actions.

Although it was alleged, we find no evidence that Emil Zuzek failed to register to deliberately avoid revealing the true ownership of his business.

On December 27, 1973, plaintiff filed written interrogatories on defendant, Emil Zuzek, Jr., inquiring as to the ownership of the business which was almost two years after the accident. The answers to the interrogatories were answered on January 31, 1974, at which time plaintiff became aware of the identity of Emil Zuzek, but after the statute had run. We think it is apparent plaintiff was satisfied that the suit was brought against the proper parties on October 26, 1973. Plaintiff knew before the expiration of the statute that the truck was registered in the name of Zuzek and Son and for some reason, unexplained to us, saw fit to bring the action against the party defendants by that name.

In Saracina v. Cotoia, 417 Pa. 80, supra, an amendment to bring into the complaint the true owner (father) of the vehicle, but operated by his son, was disallowed after the statute of limitations had run. The amendment was denied on the grounds this would permit a new party to be added to the action after the statute of limitations had expired, notwithstanding that the surname was identical. The dissenting opinion points out the harshness of the holding in that the plaintiff identified the defendant by the wrong first name, but had otherwise identified defendant as a minor and as a party who was, in fact, involved in the accident. In the instant case, we have no such intention by plaintiff. Plaintiff clearly intended to bring action against Emil Zuzek, Jr. and Andy Zuzek, Jr. We have no indication in the pleadings or at argument that plaintiff intended to bring action against Emil Zuzek. We think if amendment was disallowed

in Saracina, supra, we are compelled to disallow it here.

For the foregoing reasons, we make the following

## ORDER

And now, to wit, March 18, 1974, the motion of plaintiff to join Emil Zuzek as a defendant or, in the alternative, to amend the action to change the name of Emil Zuzek, Jr., to Emil Zuzek is denied.