## Geraci v. Martin Trucking, Inc.

*Thomas Frampton* for plaintiffs.
*George H. Rowley,* for defendants.

ACKER, *J.,* January 23, 1976—Defendants claim through a demurrer and a motion to strike that an attempted amendment of the caption of the action by the filing of a complaint in trespass has added a new party-plaintiff and that plaintiffs cannot correct the middle initial of an existing party. We agree with the former position but not the latter.

Damages sought for personal injuries were alleged to have been sustained in a motor vehicle accident on November 24, 1971. Within the two-year statute of limitations, November 19, 1973, this action was initiated through a praecipe for a writ of summons. The caption read: "Eugene P. Geraci, and Phyllis Geraci, his wife, and Christine Geraci, a

minor, by her father and natural guardian, Eugene P. Geraci, plaintiffs vs. Martin Trucking, Inc. and James W. Paden, defendants." Defendants filed a praecipe for a rule upon plaintiffs to file a complaint on December 4, 1973. Plaintiffs were granted an extension of time by defendants and, in fact, filed their complaint on July 1, 1974, well after the statute of limitations. That complaint's caption reads: "Eugene E. Geraci, individually, and as parent and natural guardian, and Eugene P. Geraci and Christine R. Geraci, minor children, and Phyllis G. Geraci, individually, plaintiffs vs. James W. Paden and Martin Trucking, Inc., defendants."

By the new caption, Eugene E. Geraci as an individual and parent and natural guardian of both Eugene P. and Christine Geraci is added. Eugene P. Geraci is placed as a person for whom a guardian is required and is dropped as a guardian of Christine.

The preliminary objection in the nature of a demurrer and a motion to strike were filed on July 8, 1974. On August 19, 1974, a writ of summons was issued, adding Eugene P. Geraci as an additional defendant.

By petition of October 30, 1975, plaintiffs claim that due to an error in information available at the time of filing, Eugene P. Geraci was listed as the plaintiff-husband father and natural guardian when, in fact, the father and natural guardian is Eugene E. Geraci. The minor son's name is Eugene P. Geraci. A request by petition is made to change the middle initial of the husband, father and natural guardian to reflect his correct name of Eugene E. Geraci.

Defendants contend that this cannot be done and that the child, Eugene P. Geraci, may not be named

as a party after the running of the statute of limitations. Plaintiffs respond that there was an error made as stated above but that both the father and son should be permitted to remain as set forth in the complaint. Further, in any event, if anyone must be dropped as a party, it should be the child. The father, Eugene E. Geraci, it is contended, should be permitted to amend the caption to properly reflect his middle initial. Plaintiff further acknowledged error in not coming before the court for permission to amend prior to the filing of the complaint as required by Pa. R.C.P. 1033 but at argument, by petition, asks the court to permit the amendment nunc pro tunc.

I. *May the plaintiff by a complaint add a party after the statute of limitations has run?*

The complaint discloses that Christine and Eugene P. Geraci, the children, along with Eugene E. Geraci, the father, and his wife, Phyllis, all received personal injuries. The writ of summons describing Phyllis as the wife of Eugene P. Geraci and that Eugene P. Geraci is the father and natural guardian of Christine clearly means that the adult male Geraci was intended as plaintiff. The child, Eugene P. Geraci, was not named. We do not agree that plaintiff, Eugene E. Geraci, should be permitted on the caption so that he is correctly named as the father, but also have that misnaming him as the son permit the son to be brought upon the record. This effect would be to have your cake and eat it too.

The law is very clear that if the correct party is named, but due to an error an incorrect initial or name is listed, upon proper application it may be amended.[1]

_____

1. In Ward v. Stevenson, 15 Pa. 21 (1850), "Augustine Stevenson, Jr." as listed in a summons was permitted to be amended on the docket to "Augustus" and to eliminate "Jr." In

In that defendant was apprised of a law suit by the natural father of the child, Christine, as husband of Phyllis and in his own right, the change does not add a new party to the action.

II. *May a plaintiff be added to an action after the statute of limitations?*

The law is equally clear that after the running of the statute of limitations a new party may not be added to a trespass action.[2]

similar cases of Powell v. Sutliff, 410 Pa. 436, 189 A.2d 864 (1963), an amendment from a partnership to a corporation was permitted. Usner v. Duersmith, 346 Pa. 494, 31 A.2d 149 (1943), parents were permitted to change the action from their name alone for the death of a minor child to "trustee ad litem". Frankel v. Styer, 209 F.Supp. 509, (E.D. Pa. 1962), a plaintiff was permitted to change the caption of his action from guardian to trustee ad litem. In Kaufmann's Estate, 293 Pa. 73, 141 Atl. 852 (1928), three executors who were also trustees were permitted to change the caption on appeal to named trustees. In Minkin v. Minkin, 336 Pa. 49, 7 A.2d 461 (1939), a plaintiff as next friend was permitted to amend to require a mother who was also the named defendant to be named as a party-plaintiff having a right to sue on behalf of her minor child in that the right that she was asked to exercise was required by law. See also Paul v. Johnson, 9 Phila. 32 (1871) (change in defendant's name); Sonni v. Rutkowski, 56 Del. Co. 260 (1969) (change in spelling of defendant's name to correct error); Scientific Living, Inc. v. Hohensee, 68 Lack. 90 (1967) (change in defendant's name to correct spelling error permitted); Ekiert v. Oliver, 113 Pitts L.J. 538 (1964) (change permitted in defendant's name); Elliott v. Stump, 89 Dauph. 387 (1968) (change in defendant's name permitted). Changes permitted in the caption of divorce actions are Swope v. Swope, 47 D. & C. 2d 40 (1969), where a change in a middle initial of defendant from "E" to "C" was referred back to a master for further testimony to clear up the discrepancy; Johnson v. Johnson, 17 Cumb. 67 (1966), permitting a change in plaintiff's name, and Miller v. Miller, 60 D. & C. 2d 687 (1973), permitting a change in defendant's name.

2. Saracina v. Cotoia, 417 Pa. 80, 208 A.2d 764 (1965); Gozdonovic v. Pleasant Hills Realty Company, 357 Pa. 23, 53 A.2d 73 (1947); Miller v. Jacobs, 361 Pa. 492, 65 A.2d 362 (1949).

Wherefore, we conclude that the amendment to add Eugene P. Geraci as a minor plaintiff is denied.

III. *Should the plaintiff be barred from correcting the clerical error in the name of the father from Eugene P. Geraci to Eugene E. Geraci because of the failure to petition the court at or before the filing of the complaint?*

Pa. R.C.P. 1033 permits an amendment by leave of court at any time to correct the name of a party or amend his pleadings. The limitation is twofold. First, if the amendment is to add a new party after the statute of limitations has run as noted by cases previously cited in this opinion; second, by Pa. R.C.P. 1034 which gives the right to amend after pleadings are closed but within such time as to not delay the trial. Certainly, the proposed amendments in the instant case do not delay the trial, for an answer has not as yet been filed due to the pendency of the preliminary objections.

Amended pleadings should be permitted with liberality so as to secure a determination of cases on their merits whenever possible.[3]

Wherefore, permission to amend the caption of the action is granted.

### ORDER

And now, January 23, 1976, the rule upon defendants to show cause why the caption of the above-captioned matter should not be amended to correctly indicate that the name of the husband of Phyllis Geraci, father of Christine Geraci and the suit in his own right is by Eugene E. Geraci instead of Eugene P. Geraci is made absolute.

---

3. Saracina v. Cotoia, supra; Goodrich-Amram, Vol. I, §1033-1, p. 222.

The caption of the above action shall, therefore, read: "Eugene E. Geraci and Phyllis Geraci, his wife, in their own rights, and Christine Geraci, a minor, by her father and natural guardian, Eugene E. Geraci, plaintiffs vs. Martin Trucking, Inc. and James W. Paden defendants."

The preliminary objection in the nature of a demurrer as to the alleged cause of action of the child, Eugene P. Geraci, is granted.

The motion to strike the party, Eugene E. Geraci, is denied.

It is further ordered and decreed, in that the statute of limitations as to any personal injury claim has run as to Eugene P. Geraci, a minor child, or by Eugene E. Geraci, his father, or Phyllis Geraci, his mother, for and on his behalf the same may not be asserted in this action.

Defendant shall be granted 20 days in which to file a responsive pleading herein.