J-A01036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JANET ADAMS AND ROBERT ADAMS, HER HUSBAND | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : | |
| v. | : | |
| DAVID A. REESE AND KAREN C. REESE, | : | |
| Appellees | : | No. 927 WDA 2016 |

Appeal from the Order Entered November 10, 2015
in the Court of Common Pleas of Beaver County
Civil Division at No(s): 10571-2015

BEFORE: BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED MARCH 07, 2017**

Janet Adams and Robert Adams (collectively, the Adamses) appeal from the November 10, 2015 order denying their motion to amend their complaint, which was made final by the May 16, 2016 order dismissing all claims against Appellees, David A. Reese and Karen C. Reese (collectively, the Reeses).[1]   Upon review, we affirm.

This case arises from a motor vehicle accident which occurred on May 12, 2013, between Janet Adams's vehicle and a car owned by Karen Reese and driven by the Reeses' son, Dane M. Reese.  Janet Adams averred she sustained personal injuries and damages as a result of the collision.

---

[1] On December 30, 2015, the Adamses filed a petition seeking permission from this Court to appeal the order denying their motion to amend their complaint.  This request was denied.  **See** Order, 2/10/2016.

* Retired Senior Judge assigned to the Superior Court.

Complaint 5/5/2015, at 4 (unnumbered). Negotiations between the Adamses and the Reeses's insurance company, Erie Insurance,[2] proved futile, and on May 5, 2015, a complaint was filed listing as defendants, David A. Reese and Karen C. Reese, who were subsequently served by sheriff on May 8, 2015.

Specifically, the complaint named David as the driver, and alleged that he as well as Karen were negligent in the operation/ownership of the vehicle. Complaint, 5/5/2015. On June 22, 2015, the Reeses filed an answer and new matter, wherein they stated, *inter alia*, that David was not the operator of the motor vehicle. The Reeses averred it was Dane, who was not named as a defendant, driving the vehicle at the time of the accident.

Thereafter, on November 1, 2015, the Adamses filed a motion for leave to amend the complaint pursuant to Pa.R.C.P. 1033. In their motion, the Adamses contended that a "typographical error" had mistakenly listed the wrong first name of the driver of the vehicle. Adamses Motion to Amend, 11/1/2015, at 2 (unnumbered). This motion was opposed by the Reeses, who asserted that the Adamses were prohibited from amending their complaint to add a new party because, *inter alia*, the statute of limitations had run. By order of court dated November 10, 2015, the Adamses' motion was denied.

---

[2] The insurance policy for the vehicle was issued to David and Karen Reese.

The Reeses subsequently filed a motion for summary judgment. Following argument, the trial court granted summary judgment in favor of the Reeses. This timely appeal followed wherein the Adamses raise the following issues for our review.

1. Under the circumstances of this case did the [trial court] err and/or abuse its discretion in refusing to allow [the Adamses] to amend the [c]omplaint after the expiration of the statute of limitations to correct the misnomer of [the Reeses?]

2. Did the [trial court] err and/or abuse its discretion in determining service of process on an adult individual at Dane Reese's residence was not proper service on Dane Reese?

3. Did the [trial court] err and/or abuse its discretion in determining Dane Reese was not properly before the [trial court?]

The Adamses' Brief at xi (trial court response and suggested answers omitted).

Our standard of review is well-settled. "When reviewing a trial court's ruling on a petition to amend a complaint, we grant the trial court a broad discretion in evaluating the petition. We will not disturb the sound discretion of the trial court absent an abuse of discretion." *Diaz v. Schultz*, 841 A.2d 546, 549 (Pa. Super. 2004) (citations and internal quotations omitted).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice,

bias, or ill-will, or such lack of support as to be clearly erroneous.

***Carter v. May Dep't Store Co.***, 853 A.2d 1037, 1040 (Pa. Super. 2004) (citations omitted).

Although set forth as several distinct issues, on appeal the Adamses essentially challenge the trial court's denial of their motion to amend for the following reasons: (1) a new party was not being added; (2) service was properly made at Dane Reese's address; and (3) the amendment sought by the Adamses was merely correcting the first name of the driver. The Adamses' Brief at 9-14.

At the outset we note that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading." Pa.R.C.P. 1033.

> This rule has repeatedly been interpreted as requiring the liberal evaluation of amendment requests in an effort to determine cases based upon their merits rather th[a]n a mere technicality. The operative test therefore, is whether the right party was sued but under a wrong designation, or whether [the] wrong person was sued and the amendment was designed to substitute another and distinct party. … An amendment is permitted in the former situation but not in the latter.

***Hamilton v. Bechtel***, 657 A.2d 980, 981 (Pa. Super. 1995) (quotation marks and citations omitted).

The trial court, in denying the Adamses' request to amend their complaint, offered the following analysis:

[The Adamses] argue that changing the complaint would not result in adding a new party, but instead would only correct a typographical error. [The trial court] must disagree. The [Pennsylvania] Supreme Court has had occasion to rule on a factually analogous case in [*Saracina v. Cotoia*, 208 A.2d 764, 766 (Pa. 1965)]. That case also involved a plaintiff suing the father and owner of a vehicle instead of the son and operator of the vehicle. The court concluded that permitting the plaintiff to amend the complaint would amount to the addition of a new and distinct[] party and would essentially "modify the statute of limitations which this Court cannot and should not do." [*Saracina*], 208 A.2d 766.

[Our] Supreme Court confirmed this ruling in another case and further held that while the facts indicated that the plaintiffs clearly intended to sue the son and operator of the car, they in fact sued the father and could not amend their complaint after the statute of limitations had expired. [*Piehl v. City of Philadelphia*,] 987 A.2d 146, 156 (Pa. 2009). In [*Piehl*], the Court permitted the amendment of a complaint when the plaintiff named the Commonwealth of Pennsylvania as a defendant but failed to include the Department of Transportation in the caption, but included several allegations naming the Department of Transportation throughout the complaint and served the Department of Transportation with the complaint. The Court distinguished this from [*Saracina*,] noting that in [*Saracina*,] the son was never served with the complaint and not mentioned by name in the complaint; the plaintiff sued the father Anthony Cotoia, when he intended to sue the son, Robert Cotoia. ,

[The Adamses] captioned this case with David A. Reese's name and served David A. Reese. [The Adamses] did not merely misspell Dane M. Reese's name, but instead sued another natural person. Whether [the Adamses] intended to sue Dane M. Reese is immaterial for the purposes of this motion; David A. Reese is currently before the court, and to permit [the Adamses] to amend the complaint to include Dane M. Reese's name would be to allow [the Adamses] to add a new and distinct party. For these reasons we conclude that [the Reeses] may not amend the complaint to add the proper defendant after the statute of limitations had run.

Trial Court Order, 11/1/2015 at 2 (unnumbered, some citations omitted)

Upon review, we discern no error in the trial court's analysis and find the trial court's conclusion that the Adamses could not amend their complaint is in line with our case law, as set forth *supra*. In finding no error, we reject the Adamses' argument that the motion to amend sought to correct a mere "typographical error." We agree with the trial court that the Adamses listed a completely different person as a defendant and therefore, allowing the complaint to be amended after the statute of limitations had run would be permitting the Adamses to add a new and distinct party, which our case law expressly disallows.

The Adamses attempt to distinguish this case from *Saracina*, wherein our Supreme Court stated that "[i]f the **right party** was in court as the result of service of process and it was merely his or its designation which was sought to be changed, we would be prone to permit the amendment." *Saracina*, 208 A.2d at 766 (emphasis in original). The Adamses aver that because service was made upon an adult member of Dane's household, service was proper and thus, *Saracina* is distinguishable. We disagree. Even assuming *arguendo* that the Adamses could prove service on Dane was proper, Dane was not in court as a result of the service. *Sarcacina* specifically stated that they would be inclined to permit amendment if as a result of service "the **right party** was in court." *Id.* Here, the only responsive pleading to the complaint was made on the behalf of David and Karen.

Lastly, we are cognizant that the averments set forth in the complaint suggest that the Adamses did intend to sue Dane, the operator of the vehicle, and not his father David. Nonetheless, our case law is clear that under these very circumstances, amendment is not permitted. *See Saracina*, 208 A.2d at 766 ("While there are strong indications in this case that Saracina intended to bring suit against the operator of the vehicle, Robert Catoia, [including referencing Robert's father, Anthony as a minor and stating that the negligence was caused by the operator of the vehicle,] an amendment of the complaint, after the statute of limitations has run, to bring in a new and distinct party to the action cannot be permitted[.]" (footnote omitted).

Thus, having concluded the trial court did not abuse its discretion in denying the motion to amend their complaint, the Adamses are entitled to no relief from this Court.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2017

---

[3] Admittedly, this is a harsh result, but unless and until our Supreme Court overrules *Saracina*, it is compelled.