J-S40016-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

JOHN F. MASTRIAN : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
MARC A. PEOPLES : No. 1725 WDA 2018

Appeal from the Order Entered November 5, 2018
In the Court of Common Pleas of Lawrence County Civil Division at
No(s): 10011 of 2018, C.A.

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.: FILED OCTOBER 11, 2019

John Mastrian appeals from the order denying his Motion to Amend Caption and Correct Middle Initial and granting judgment on the pleadings against Mastrian. Mastrian contends he made a technical mistake when naming the defendant, and the court erred in denying his motion to amend the caption to correct the defendant's name from "Marc A. Peoples" ("Marc A. Peoples" or "Peoples") to "Marc W. Peoples." We affirm.

On January 4, 2018, Mastrian initiated this civil action against "Marc A. Peoples" by filing a praecipe for writ of summons. On January 5, 2018, the Lawrence County Sheriff's Department served Marc A. Peoples by handing a copy of the praecipe for writ to Peoples' wife, Susanna Peoples. In March 2018, Mastrian filed a Complaint seeking damages that allegedly resulted from a January 2016 motor vehicle accident. The Complaint alleged that "Marc A. Peoples[] was the owner and operator of a 2004 Ford F150 Pickup Truck

_____
* Retired Senior Judge assigned to the Superior Court.

registered in the Commonwealth of Pennsylvania." Complaint at ¶ 4. The Complaint alleged that "[s]uddenly and without warning . . . Marc A. Peoples, was operating his 2004 Ford Pickup Truck in a northerly direction on Mercer Road and failed to stop and collided directly into the rear of [Mastrian's] automobile." Id. at ¶ 5. In the Complaint, Mastrian asserted a cause of action based on Peoples' alleged negligence in operating the vehicle.

Marc A. Peoples filed an Answer and New Matter, which contained a Notice to Plead. Peoples admitted to owning the vehicle, but denied operating the vehicle at the time of the accident. Answer and New Matter at ¶¶ 4, 22. The Answer stated that the driver of the vehicle was "Marc W. Peoples." Id. at ¶ 22. Peoples also raised affirmative defenses, including the defense that the claims were barred by the statute of limitations. Mastrian did not file a reply to the Answer and New Matter.

In June 2018, Peoples filed a Motion for Judgment on the Pleadings, asserting that, because Mastrian failed to respond to the Answer and New Matter, he admitted the allegations contained therein. Peoples argued he was entitled to judgment on the pleadings because Mastrian admitted Peoples was not operating the vehicle at the time of the accident.

Mastrian did not file a response to the Motion for Judgment on the Pleadings. Rather, in September 2018, Mastrian filed a Motion to Amend the

Caption and Correct Middle Initial of Defendant.[1] He attached to the Motion the Police Crash Report, which included that "Marc Peoples" or "Marc W. Peoples," born in 1996, was the operator of the vehicle, and that the vehicle's insurance policy was in the name of "Marc Allan Peoples."

The trial court denied Mastrian's Motion to Amend the Caption and granted People's Motion for Judgment on the Pleadings. It concluded that by failing to file a response to Peoples' Answer and New Matter, Mastrian admitted the factual averments contained in the Answer, including that Peoples was not operating the vehicle at the time of the accident. Trial Court Opinion, filed Nov. 5, 2018, at 6.[2]

The court also found that in his Motion to Amend the Caption and Correct the Middle Initial, Mastrian was attempting to amend his complaint to "add or substitute a distinct party," which he could not do, as the statute of limitations had expired. Id. at 12. The court reasoned:

> As evidenced by the sheriffs Return in this case, the writ of summons was served upon [Peoples'] wife and she was identified as such in that document placing [Mastrian] on notice that it was the father, Marc A. Peoples, who was the named defendant and not the son, Marc W. Peoples. There

---

[1] At a hearing on the Motion for Judgment on the Pleadings, counsel for Mastrian stated that he filed the motion to correct the caption on the morning of the hearing, that is, September 24, 2018. N.T., 9/24/18, at 6. The motion in the certified record is stamped as filed on November 5, 2018. In its analysis, the court uses the September 24 date. As it does not impact our decision, we will do so as well.

[2] It also found that, because it was a legal conclusion, not a factual averment, the failure to file a responsive pleading did not result in the admission that the cause of action was barred by the statute of limitations. Tr. Ct. Op. at 6.

was no indication the complaint was served upon or provided to Marc W. Peoples. Plaintiff should have been aware that service was made to Defendant as the adult accepting service of the Writ of Summons was identified as his wife, not his mother. Additionally, the complaint was filed against Marc A. Peoples and the Answer and New Matter were filed on behalf of Marc A. Peoples, despite Marc W. Peoples being clearly identified as the driver on the police report. Marc W. Peoples is not currently before the court as he has never appeared before the Court in this matter nor has he filed any documents in the above-captioned matter.

Tr. Ct. Op. at 12-13.

Mastrian filed a timely Notice of Appeal. He raises the following issues:

I. Whether Trial Judge Dominick Motto erred when he dismissed . . . John F. Mastrian['s] Complaint including all Claims contained therein having granted [Peoples'] Motion for Judgment on the Pleadings.

II. Whether Trial Judge Dominick Motto erred when he denied Plaintiffs Motion to Amend Caption and Correct Middle Initial of Defendant.

Mastrian's Br. at 4.

We first will address Mastrian's second issue, which claims the trial court erred in denying his Motion to Amend Caption and Correct Middle Initial of Defendant. Mastrian contends that "[a]n erroneous technical defect of middle initial or middle name in the designation of [a] party . . . may be corrected by amendment even after the statute of limitations expired." Id. at 17. He claims that requests to amend the pleadings should be "liberally granted," and there "was no resulting prejudice, since [Marc W. Peoples] . . . lived at the same residence as his mother and father and service was provided to the adult individual (mother) at his residence." Id. at 19.

- 4 -

We review the denial of a motion to amend the caption for an abuse of discretion. *Phillips v. Lock*, 86 A.3d 906, 915 (Pa.Super. 2014).

Pennsylvania Rule of Civil Procedure 1033 provides:

> (a) A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.
>
> (b) An amendment correcting the name of a party against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action if, within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Pa.R.Civ.P. 1033(a)-(b). Further, where a party attempts to amend a pleading after the statute of limitations expired, courts apply the following rule:

> Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which he is sued. If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party, it will be refused.

*Blaine v. York Fin. Corp.*, 847 A.2d 727, 729 (Pa.Super. 2004) (quoting *Girardi v. Laquin Lumber Company*, 81 A. 63, 64 (Pa. 1911)).

Here, Mastrian alleged the accident at issue occurred on January 5, 2016. The statute of limitations on any negligence claim resulting from that accident expired two years later, or on January 5, 2018. See 42 Pa.C.S.A. § 5524(7). Mastrian filed the praecipe for writ of summons, naming "Marc A. Peoples" as the defendant, on January 4, 2018, the day before the expiration of the statute of limitations.

In Saracina v. Cotoia, 208 A.2d 764, 766 (Pa. 1965), the Pennsylvania Supreme Court affirmed the trial court's order denying a plaintiff's motion to amend the caption of the complaint after the expiration of the statute of limitations. There, the plaintiff named as the defendant, "Anthony Cotoia, a minor." Id. at 765. The defendant filed an answer, responding that he was not a minor and that, although he owned the vehicle, his son Robert Cotoia was operating the vehicle at the time of the accident. Id. After the expiration of the statute of limitations, the plaintiff sought to amend the complaint to change the name of the defendant from Anthony Cotoia to Robert Cotoia. Id. The court found the plaintiff could not amend the complaint, reasoning that service had been made on Anthony Cotoia and the return of service "in no way indicates that Robert C[o]toia was properly served and is now before the [c]ourt." Id. at 766.

Similarly, in Ferrero v. McCarthy-Pascuzzo, this Court concluded a plaintiff could not amend the caption after the statute of limitations had expired where the plaintiff named the insurance-policy holder as the defendant in the original complaint, rather than the operator of the vehicle.

777 A.2d 1128, 1136 (Pa.Super. 2001). The policy holder was the wife of the operator of the vehicle. Id. at 1130. We noted that the police report identified the correct operator of the vehicle, and that the named defendant did not attempt to conceal the operator's identity or mislead the plaintiff as to the identity. Id. at 1135-36.

Here, the trial court relied on the above cases, among others, and found that Mastrian was attempting to bring in a new party—Marc W. Peoples. It noted that the proper party was clear from the police report, and from the return of service, which stated that Susanna Peoples was the wife, not the mother, of Marc A. Peoples. It found that Mastrian could not amend the caption after the statute of limitations expired, and denied the motion.

The trial court did not abuse its discretion. Mastrian was aware from the police report that the driver of the vehicle was Marc W. Peoples, who was born in 1996. He, however, named as a defendant Marc A. Peoples. Following service of the praecipe, Mastrian learned that the wife of Marc A. Peoples accepted service. Here, Marc A. Peoples and Marc W. Peoples are two separate individuals. Mastrian concedes as much when he notes that Susanna Peoples is the wife of Marc A. Peoples and the mother of Marc W. Peoples. Mastrian's Br. at 7. Mastrian was aware of the identity of the operator of the vehicle, but failed to name that person as a defendant in the Complaint. Under the facts of this case, we cannot conclude that the trial court abused its discretion in denying the motion.

We next address Mastrian's claim that the court erred in granting Peoples' Motion for Judgment on the Pleadings.

Entry of judgment on the pleadings is proper where "there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." Altoona Regional Health Sys. v. Schutt, 100 A.3d 260, 265 (Pa.Super. 2014) (quoting Consol. Coal Co. v. White, 875 A.2d 318, 325–26 (Pa.Super. 2005)). To determine "if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents." Id. (quoting Consol. Coal Co., 875 A.2d at 325-26). If a plaintiff fails to file a response to an answer and new matter that contains a notice to plead, the failure "is treated as an admission of the allegations made in the" answer and new matter. McCormick v. Allegheny Gen. Hosp., 527 A.2d 1028, 1032 (Pa.Super. 1987).

When reviewing an order granting judgment on the pleadings, we must determine "whether the trial court's ruling was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly be tried before a jury or by a judge sitting without a jury." Altoona Regional Health Sys., 100 A.3d at 265 (quoting Consol. Coal Co., 875 A.2d at 325-26).

Because Mastrian did not file a reply to the Answer and New Matter, he has admitted the averments contained in the Answer and New Matter, including that Peoples was not operating the vehicle at the time of the accident. See McCormick, 527 A.2d at 1032. Because Peoples was not

operating the vehicle, Mastrian cannot state a negligence cause of action against Peoples based on operation of the vehicle, and the court did not err in granting the Motion for Judgment on the Pleadings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/11/2019